DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
PHILIP J. DOWNS, JR., State Bar No. 302939
pdowns@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:  (415) 697-2000
Facsimile:  (415) 813-2045

Attorneys for Defendants
COUNTY OF NAPA and COUNTY OF NAPA SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE LEPAGE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF NAPA, COUNTY OF NAPA SHERIFF'S DEPARTMENT AND DOE DEPUTIES 1-100,<br><br>Defendants. | Case No.: 3:17-cv-00600-LB<br><br>**DEFENDANT COUNTY OF NAPA SHERIFF'S DEPARTMENT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY** |

Comes now Defendant COUNTY OF NAPA SHERIFF'S DEPARTMENT and in answer to the complaint on file herein admits and alleges as follows:

1. In answer to the allegations of paragraph 1 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

2. Admit.

3. In answer to the allegations of paragraph 3 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

4. In answer to the allegations of paragraph 4 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

5. In answer to the allegations of paragraph 5 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

6. In answer to the allegations of paragraph 6 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

7. In answer to the allegations of paragraph 7 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

## STATEMENT OF FACTS

8. In answer to the allegations of paragraph 8 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

9. In answer to the allegations of paragraph 9 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

///
///
///

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE
Against All Defendants

10. In answer to the allegations of paragraph 10 of the cause of action, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

11. In answer to the allegations of paragraph 11 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

12. In answer to the allegations of paragraph 12 of the complaint, this Defendant denies both generally and specifically, each and every, all and singular, the allegations contained therein.

## SECOND CLAIM FOR RELIEF
## CIVIL RIGHTS ACTION (42 USC 1983 EXCESSIVE FORCE
Against All Defendants

13. In answer to the allegations of paragraph 13 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

14. In answer to the allegations of paragraph 14 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

15. In answer to the allegations of paragraph 15 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

///

16. In answer to the allegations of paragraph 16 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

17. In answer to the allegations of paragraph 17 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

18. In answer to the allegations of paragraph 18 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

19. In answer to the allegations of paragraph 19 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

### THIRD CLAIM FOR RELIEF
**Battery**
Against All Defendants

20. In answer to the allegations of paragraph 20 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

21. In answer to the allegations of paragraph 21 of the complaint cause of action, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

22. In answer to the allegations of paragraph 22 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its

denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

23. In answer to the allegations of paragraph 23 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

24. In answer to the allegations of paragraph 24 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

## FOURTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1
Against All Defendants

25. In answer to the allegations of paragraph 25 of the complaint cause of action, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

26. In answer to the allegations of paragraph 26 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

27. In answer to the allegations of paragraph 27 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

28. In answer to the allegations of paragraph 28 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

162425.1

29. In answer to the allegations of paragraph 29 of the complaint, this Defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

## PRAYER FOR RELIEF

1. In answer to the allegations of paragraph 1 of the complaint, this Defendant denies both generally and specifically that the plaintiff has been damaged in any sum other sum or sums whatsoever.

2. In answer to the allegations of paragraph 2 of the complaint, this Defendant denies both generally and specifically that the plaintiff has been damaged in any sum other sum or sums whatsoever.

3. In answer to the allegations of paragraph 3 of the complaint, this Defendant denies both generally and specifically that the plaintiff has been damaged in any sum other sum or sums whatsoever.

4. In answer to the allegations of paragraph 4 of the complaint, this Defendant denies both generally and specifically that the plaintiff has been damaged in any sum other sum or sums whatsoever.

5. In answer to paragraph 5 of the complaint, this Defendant incorporates herein by reference each and every admission, denial, and allegation of the answer to the allegations contained in Defendant's answer to the complaint.

## JURY TRIAL DEMANDED

Defendant hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Defendant COUNTY OF NAPA SHERIFF'S DEPARTMENT, in answer to the allegations of the unverified complaint on file herein, deny each and every allegation of said complaint, and in this connection Defendant denies that plaintiff has been injured or damaged in any of the sums mentioned in the complaint or in any other amount by reason of any act or omission of this Defendants.

### FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That plaintiff assumed the risk of any injuries and/or damages resulting from the matters set forth in said complaint, and that said assumption of risk by plaintiff was a cause of the injuries and/or damages alleged by plaintiff, if any there were.

### SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That plaintiff was herself negligent and careless in and about the matters and events set forth in the complaint, and that said negligence contributed to her alleged injuries and/or damages. A verdict of the jury in favor of plaintiff, if any, which may be rendered in this case must therefore be reduced by the percentage that plaintiff's negligence contributed to the accident and injuries complained of, if any there were.

### THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That the complaint does not state facts sufficient to constitute a cause of action against this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That the matters alleged in the complaint were caused by the sole negligence of plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff failed to mitigate her damages.

///

### SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Should plaintiff recover non-economic damages against any Defendant, the liability for non-economic damages is limited to the degree of fault and several liability of said Defendant pursuant to Civil Code section 1431.2 and a separate, several judgment shall be rendered against said Defendant based upon said Defendant's degree of fault and several liability.

### SEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

As a further, separate, affirmative defense, Defendant alleges that it is entitled to a set-off of any damages recovered by plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

This answering Defendant, a public entity, is immune from liability pursuant to California Government Code sections 800 et seq.

### NINTH AFFIRMATIVE DEFENSE

AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Any and all acts or omissions of the COUNTY OF NAPA SHERIFF'S DEPARTMENT, its agents and employees, which allegedly caused the injury at the time and place set forth, were the result of an exercise of discretion vested in them

### TENTH AFFIRMATIVE DEFENSE

AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant alleges that plaintiff failed to set forth the facts sufficient to state a cause of action due to a failure to comply with claims requirements of the California Government Code

§§900 et. seq.

### ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR AN ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant the County of Napa Sheriff's Department's alleged employees, Doe Deputies mentioned in plaintiff's complaint were, at all times, duly qualified, appointed and acting police officers of the County of Napa and peace officers of the State of California and in accordance with the Constitution of the United States and the State of California and the laws of the United States and the laws of the State of California; and at all times mentioned herein, said officers were engaged in the performance of their regularly assigned duties within the scope of their duties as peace officers of the County of Napa.

### TWELFTH AFFIRMATIVE DEFENSE

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

This answering Defendant acted in good faith and with a reasonable belief that the actions were lawful and further did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The acts of this answering Defendant were lawful and proper and in all respects were reasonable and legal.

### FOURTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

At all times relevant to this litigation, plaintiff consented either expressly or impliedly, to any such acts or conduct as may be shown on the part of this answering Defendant.

///

### FIFTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

This answering Defendant is immune from liability pursuant to the provisions of §§815, 815.2, 818, 820.2, 820.4, 820.6, 820.8, 820.9, 821.6, 844.6, and 845.6 of the Government Code of the State of California.

### SIXTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The facts alleged in the Complaint do not involve any custom, practice, procedure or regulation of Defendant COUNTY OF NAPA SHERIFF'S DEPARTMENT which gives rise to a violation of a constitutional right pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff has wholly failed to plead facts which give rise to any colorable claim for punitive or exemplary damages against Defendants, nor do any such facts exist

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's claims for punitive or exemplary damages violate Defendant's right to procedural due process, substantive due process, and protection from "excessive" fines as guaranteed by the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution, respectively, and the Constitution of the State of California.

///
///
///

### NINETEENTH AFFIRMATIVE DEFENSE

AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant is informed and believes that the complaint and each cause of action thereof are barred by the doctrines of laches, unclean hands, waiver and estoppel.

### TWENTIETH AFFIRMATIVE DEFENSE

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff has failed to state facts sufficient to justify the recovery of punitive damages and Defendant invokes the protection of Civil Code §3295.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That this answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. This answering Defendant reserves the right to answer additional affirmative defenses in the event discovery indicates it would be appropriate.

///

///

///

///

///

TWENTY-SECOND AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's cause of action is barred by reason of the provisions of California Code of Civil Procedure sections 335.1 and 343.

WHEREFORE, Defendant prays that plaintiff takes nothing by way of the complaint on file herein and that Defendant has judgment for its costs, attorneys' fees and for such other and further relief as the court deems proper.

Respectfully submitted,

Dated: March 24, 2017          ALLEN, GLAESSNER,
                               HAZELWOOD & WERTH, LLP


By: _/s/ Philip J. Downs, Jr._
    PHILIP J. DOWNS, JR.
    Attorneys for Defendants
    COUNTY OF NAPA and COUNTY OF
    NAPA SHERIFF'S DEPARTMENT

CERTIFICATE OF SERVICE
*Renee LePage v. County of Napa, et al.*
Case No. 3:17-cv-00600-LB

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, California 94104. On March 24, 2017, I served the within: **DEFENDANT COUNTY OF NAPA SHERIFF'S DEPARTMENT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY** on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Renee LePage                         Plaintiff Pro Per
1591 Silverado Trail                 Telephone:   (707) 346-0127
Napa, CA 94559

☐ By United States Mail: I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☒ By Overnight Delivery: I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ By E-Mail or Electronic Transmission: Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on March 24, 2017, at San Francisco, California.

_____
Katey Riordan