DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
PHILIP J. DOWNS, JR., State Bar No. 302939
pdowns@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:  (415) 697-2000
Facsimile:  (415) 813-2045

Attorneys for Defendants
COUNTY OF NAPA, COUNTY OF NAPA SHERIFF'S
DEPARTMENT, DEPUTY TIMOTHY REID

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE LEPAGE, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF NAPA; COUNTY OF NAPA SHERIFF'S DEPARTMENT; AND DEPUTY TIMOTHY REID,<br><br>  Defendants. | Case No.: 3:17-cv-00600-LB<br><br>DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE POST-INCIDENT CONDUCT<br><br>Hon. Laurel Beeler<br><br>Trial:    October 15, 2019 |

## I. INTRODUCTION

Defendants County of Napa, Napa County Sheriff's Office, and Deputy Tim Reid move *in limine* to exclude any questioning, argument, evidence, or attempts to introduce evidence alleging or regarding to any of Tim Reid's post-incident conduct not related to the facts in this case.

## II. BACKGROUND

Through meet and confer communication by email, Defendants asked Plaintiff to stipulate to bar evidence regarding any post-incident conduct by Deputy Reid – unrelated to the facts of this case – as (1) irrelevant, (2) unduly prejudicial, and (3) improper character evidence.

Prophylactically, Defendants raised the issue during meet-and-confer with opposing counsel and sought a stipulation as to its exclusion. Plaintiff only agreed not to question Deputy Reid about any post-incident allegations, investigations, or findings regarding excessive force or

other misconduct subject to Defendants confirming "in writing" Deputy Reid has not been the subject of any post-incident allegations, investigations, or findings since his deposition in May 2018. Plaintiff also took the position that Plaintiff would introduce evidence of any post-incident allegations, investigations, or findings if any come to light between now and trial.

There is *no* evidence of any post-incident conduct by Tim Reid in the record. Plaintiff has not identified any post-incident conduct which she would (attempt to) introduce. Defendants' request is preventive, i.e., to avoid having to "un-ring" the bell at trial.

### III. IN LIMINE MOTION TO EXCLUDE POST-INCIDENT CONDUCT

This motion in limine is made pursuant to the Court's inherent power to manage the course of trials and F.R.E. 103(c). *Luce v. United States*, 469 U.S. 38, 41 (1984). F.R.E. 103(c) dictates that "in jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Further, "[p]reliminary questions concerning the admissibility of evidence shall be determined by the court." F.R.E. 104(a). Defendants request the Court bar evidence, questioning, argument, or rhetorical insinuation related to any post-incident conduct by, or allegation against Tim Reid: (1) unrelated post-incident events are not factually, or legally relevant under F.R.E. 402; (2) questioning, or argument, about unrelated after-the-fact incidents bears no probative value – it also lacks foundation – and risks undue prejudice under F.R.E. 403; and (3) this is the type of evidence barred under FRE 404.

Dated: August 20, 2019                ALLEN, GLAESSNER,
                                      HAZELWOOD & WERTH, LLP


                                      By:___*Philip J. Downs, Jr.*_____
                                         DALE L. ALLEN, JR.
                                         PHILIP J. DOWNS, JR.
                                         Attorneys for Defendants
                                         COUNTY OF NAPA, COUNTY OF NAPA
                                         SHERIFF'S DEPARTMENT, DEPUTY
                                         TIMOTHY REID

MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
EMILY C. CURRAN-HUBERTY (State Bar No. 293065)
emily.curran-huberty@mto.com
SKYLAR D. BROOKS (State Bar No. 310707)
skylar.brooks@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Plaintiff
RENEE LEPAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RENEE LEPAGE, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>COUNTY OF NAPA; COUNTY OF NAPA SHERIFF'S DEPARTMENT; AND DEPUTY TIMOTHY REID,<br><br>             Defendants. | Case No. 3:17-cv-00600-LB<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE POST-INCIDENT CONDUCT**<br><br>Judge:   Hon. Laurel Beeler<br>Date:    September 26, 2019<br>Time:    1:30 p.m.<br>Crtrm.:  B – 15th Floor<br><br>Trial Date.:    October 15, 2019 |

I.  **PLAINTIFF'S RESPONSE**

Plaintiff Renee LePage opposes Defendants' Motion *in Limine* No. 1 in part. Ms. LePage agrees that there is, at present, no evidence of any post-incident allegations, investigations, or findings against Defendant Deputy Timothy Reid regarding excessive force or other misconduct that would meet the standards for admissibility under the Federal Rules of Evidence, and Ms. LePage agrees not to seek to introduce any such evidence based on the facts as they now exist. If, however, new evidence regarding Deputy Reid's "post-incident conduct" emerges between now and the conclusion of trial, Ms. LePage intends to reserve her right to seek to introduce any such new evidence if it otherwise meets the standards for relevance and admissibility.

Neither Ms. LePage nor Defendants can predict what events may occur between now and trial or what relevance any such events may have. However unlikely it may be that new, relevant evidence on this subject comes to light, Ms. LePage should not be required to abandon in advance her right to introduce otherwise admissible evidence that may emerge.

Accordingly, Ms. LePage respectfully requests that the Court deny Defendant's MIL No. 1 to the extent it would cover new evidence regarding Deputy Reid's post-incident conduct that may emerge before or during trial. Ms. LePage does not otherwise oppose Defendants' MIL No. 1.

DATED: September 3, 2019              Respectfully submitted,

                                      MUNGER, TOLLES & OLSON LLP
                                          MIRIAM KIM
                                          EMILY C. CURRAN-HUBERTY
                                          SKYLAR D. BROOKS


                                      By:     */s/ Emily C. Curran-Huberty*
                                              Emily C. Curran-Huberty

                                      Attorneys for Plaintiff RENEE LEPAGE