MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
EMILY C. CURRAN-HUBERTY (State Bar No. 293065)
emily.curran-huberty@mto.com
SKYLAR D. BROOKS (State Bar No. 310707)
skylar.brooks@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Plaintiff
RENEE LEPAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RENEE LEPAGE, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>COUNTY OF NAPA; COUNTY OF NAPA SHERIFF'S DEPARTMENT; AND DEPUTY TIMOTHY REID,<br><br>            Defendants. | Case No. 3:17-cv-00600-LB<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE CERTAIN REFERENCES REGARDING WITNESS MOLLY HENDRY**<br><br>Judge:    Hon. Laurel Beeler<br>Date:     September 26, 2019<br>Time:     1:30 p.m.<br>Crtrm.:   B – 15th Floor<br><br>Trial Date:      October 15, 2019 |

1   **I.      INTRODUCTION**

2          This excessive force civil rights lawsuit revolves around injuries that Plaintiff Renee

3   LePage suffered while she was at the Napa County Superior Courthouse on December 1, 2015, for

4   an unrelated criminal matter involving marijuana.  There is no dispute that *why* Ms. LePage was at

5   the courthouse that day is wholly irrelevant to this case.

6          Nonetheless Defendants County of Napa, County of Napa Sheriff's Department, and

7   Deputy Timothy Reid ("Defendants") have indicated that they plan to tell the jury that Molly

8   Hendry—Ms. LePage's then-attorney who they assert was a witness to the incident—was Ms.

9   LePage's "criminal defense attorney" or "Public Defender."  They may wish to do so to bolster

10  Ms. Hendry's credibility with the jury or as an end-run around to informing the jury about Ms.

11  LePage's arrest or criminal history.  But any information disclosing that Ms. LePage was at the

12  courthouse for a criminal matter is inconsistent with Defendants' concession that her arrest and

13  criminal history and why she was at the courthouse are not relevant to this case.

14         In addition to being irrelevant, allowing the jury to learn that Ms. LePage had a criminal

15  defense attorney would risk unfair prejudice, confuse and mislead the jury, and waste time at trial.

16  It raises more questions than answers and comes with a high danger of leading the jury to draw

17  unwarranted inferences, rely on emotions or biases rather than the evidence, or mistakenly

18  conflate Ms. LePage's burden of proof in this civil case with the higher evidentiary standard in a

19  criminal case.  Ms. LePage would also be unable to fully respond to and explain the nature of her

20  prior arrest and criminal history without wasting time at trial and further deviating from triable

21  issues.

22         After meeting and conferring, the parties have reached an impasse.  Despite Defendants'

23  agreement to not otherwise refer to Ms. LePage's arrest, criminal history, or reason for being at

24  the courthouse, they have not agreed to avoid referring to Ms. Hendry as her criminal defense

25  attorney or Public Defender.  *See* Ex. A [8/18/19 Correspondence from Philip Downs].[1]

26

27  _____

28  [1] Unless otherwise indicated, citations to exhibits refer to the Declaration of Emily C. Curran-Huberty, filed concurrently herewith.

PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE CERTAIN REFERENCES RE WITNESS HENDRY

1   The Court should limit references to Ms. Hendry to simply being Ms. LePage's "attorney"

2   at the time of the underlying incident.  Additional color is both unnecessary and inappropriate.

3   **II.   ARGUMENT**

4       **A.   Referring to Ms. Hendry as a "Criminal Defense Attorney" or "Public Defender" Would Reveal to the Jury *Why* Ms. LePage Was at the Courthouse, Which Defendants Concede Is Not Relevant**

5

6   Ms. Hendry's prior role as Ms. LePage's criminal defense attorney is irrelevant to this case

7   and therefore inadmissible under Federal Rule of Evidence 402.  Counsel for Defendants agrees

8   that "[t]he fact that [Ms. LePage] was at the court th[e] day [of the incident] re sentencing is not

9   relevant," just as her "criminal history, arrests, and convictions are not relevant."  Ex. A [8/18/19

10  Correspondence from Philip Downs] at 5.  The reason such information is irrelevant is clear: Ms.

11  LePage's criminal case bears no similarity or connection to the underlying incident except that it

12  resulted in her crossing paths with Deputy Reid at the courthouse on the day of the incident.

13  When an officer involved in an excessive force case lacks knowledge of the plaintiff's

14  prior conduct, "evidence of prior conduct is irrelevant."  *Ellis v. Navarro*, 2012 WL 3580284, at

15  *3 (N.D. Cal. Aug. 17, 2012).  Here, it is undisputed that Deputy Reid had no previous contact

16  with or knowledge about Ms. LePage, so the criminal nature of her prior case is irrelevant.  *See,*

17  *e.g.*, Ex. B [Reid Dep. Tr.] at 79:8–10, 165:9–11.  And Ms. LePage's marijuana-related criminal

18  charge—which was later expunged—has no bearing on her character for truthfulness.[2]  *See Hill v.*

19  *Arnold*, 2015 WL 3523199, at *5 (N.D. Cal. June 4, 2015) (excluding evidence of plaintiff's

20  crimes not involving dishonesty in part because they were "not necessarily indicative of [his]

21  character for truthfulness").

22  Any reference to Ms. Hendry as a criminal attorney or Public Defender would lead the jury

23  to infer that Ms. LePage was a criminal defendant at the time of the incident.  In other words, this

24  information would effectively reference Ms. LePage's criminal history and reason for being at the

25

26  [2]  Ms. LePage pleaded no contest to a misdemeanor charge in the criminal case, which was subsequently expunged.  Ex. C, [Ms. LePage's expungement].  Even absent the expungement, a

27  misdemeanor no contest plea could not be used against her in this matter.  *See Baca v. California*, 2016 WL 234399, at *3 (N.D. Cal. Jan. 20, 2016) (citing California Penal Code Section 1016(3)

28  and *Cahoon v. Governing Bd. of Ventura Unified Sch. Dist.*, 171 Cal. App. 4th 381, 384 (2009)).

courthouse—information that Defendants have already agreed is irrelevant.  The Court should thus exclude any reference to Ms. Hendry being a criminal attorney or Public Defender under Rule 402.

### B.    Referring to Ms. Hendry as a "Criminal Defense Attorney" or "Public Defender" Also Raises Risks of Unfair Prejudice, Confusing the Issues, Misleading the Jury, and Wasting Time

Alternatively, even if the information were somehow relevant, reference to Ms. Hendry having represented Ms. LePage in a criminal matter should be excluded under Federal Rule of Evidence 403.  Such information could only be designed to bolster Ms. Hendry's credibility while unfairly disparaging Ms. LePage's or appealing to the jury's emotions and biases.

Under Rule 403, courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice, confusing the issues, misleading the jury, . . . [or] wasting time."  Fed. R. Evid. 403.  Referring to Ms. Hendry as a "criminal defense attorney" or "Public Defender" raises all of those dangers.  It risks misleading the jury about triable issues, confusing the jury about the applicable burden of proof, and provoking unwarranted speculation about Ms. LePage's irrelevant criminal history.  On the other side of the Rule 403 ledger, there is zero, or at best negligible, countervailing probative value.

The Ninth Circuit has acknowledged "the prejudicial nature of evidence of prior criminal history" and advised courts to "take great care to limit" such evidence.  *United States v. Weiland*, 420 F.3d 1062, 1078 (9th Cir. 2005).  This Court has held that in excessive force cases, evidence of prior arrests is "potentially highly unfairly prejudicial."  *Monroe v. Griffin*, 2015 WL 5258115, at *1 (N.D. Cal. Sept. 9, 2015) (excluding criminal history evidence over arguments about "negligible probative value with respect to [plaintiff's] alleged 'bias against the police' and 'motive to bring this action against the defendants'").  Such evidence "presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers."  *Id.* (quoting *Barber v. City of Chi.*, 725 F.3d 702, 714 (7th Cir. 2013)).

Here, allowing Defendants to refer to Ms. Hendry's role as a criminal defense attorney raises those same concerns.  It would inform the jury that Ms. LePage has been previously arrested

1   or has a criminal history.  There is substantial danger that the jury would then rely on emotions or

2   biases against criminal defendants rather than the weight of the evidence.  Such insinuation of a

3   criminal history could also lead the jury to speculate that the charges against Ms. LePage were far

4   more serious than they in fact were.

5        Furthermore, referencing Ms. Hendry's role as a criminal attorney would risk misleading

6   or confusing jurors about the triable issues before them, which have nothing to do with why Ms.

7   LePage was at the courthouse at the time of the incident.  This Court has recognized the danger of

8   confusing a jury about "very different evidentiary and legal standards," which may occur when lay

9   jurors hear about a criminal matter that invokes a higher burden of proof than is applicable in civil

10  cases.  *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 947–48 (N.D. Cal. 2016).

11  The information would also invite jurors to draw unwarranted conclusions about Ms. LePage's

12  criminal history that she cannot fully respond to or explain without wasting time at trial and

13  delving further into irrelevant matters.

14       Therefore, the dangers of referring at trial to Ms. Hendry as a criminal defense attorney or

15  Public Defender overwhelmingly outweigh that information's probative value, to the extent there

16  is any.

17  **III.    CONCLUSION**

18       Ms. LePage respectfully requests that the Court preclude Defendants from referring to Ms.

19  Hendry as her Public Defender, criminal defense attorney, or other equivalent terms.

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE CERTAIN REFERENCES RE WITNESS HENDRY

1    DATED: August 20, 2019                    Respectfully submitted,

2                                              MUNGER, TOLLES & OLSON LLP
                                                   MIRIAM KIM
3                                                  EMILY C. CURRAN-HUBERTY
                                                   SKYLAR D. BROOKS
4

5

6                                              By:        */s/ Emily C. Curran-Huberty*
                                                         Emily C. Curran-Huberty
7

8                                              Attorneys for Plaintiff RENEE LEPAGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28