MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
EMILY C. CURRAN-HUBERTY (State Bar No. 293065)
emily.curran-huberty@mto.com
SKYLAR D. BROOKS (State Bar No. 310707)
skylar.brooks@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Plaintiff
RENEE LEPAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RENEE LEPAGE, an individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>COUNTY OF NAPA; COUNTY OF NAPA SHERIFF'S DEPARTMENT; AND DEPUTY TIMOTHY REID,<br><br>        Defendants. | Case No. 3:17-cv-00600-LB<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE, QUESTIONING, OR ARGUMENT REGARDING PLAINTIFF'S RECEIPT OF COLLATERAL SOURCE PAYMENTS**<br><br>Judge:  Hon. Laurel Beeler<br>Date:   September 26, 2019<br>Time:  1:30 p.m.<br>Crtrm.: B – 15th Floor<br><br>Trial Date.:    October 15, 2019 |

17-cv-00600-LB

PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE, QUESTIONING, OR ARGUMENT REGARDING PLAINTIFF'S RECEIPT OF COLLATERAL SOURCE PAYMENTS

## I. INTRODUCTION

Plaintiff Renee LePage herein moves to exclude all evidence, questioning, or argument regarding any collateral source payments—including, but not limited to, insurance payments and public benefits from federal, state or local sources—Ms. LePage received following the December 1, 2015 incident that gives rise to this action. Under the collateral source rule, any such payments do not reduce the damages Ms. LePage may seek to recover from Defendants County of Napa, County of Napa Sheriff's Department, and Deputy Timothy Reid (collectively, "Defendants") at trial, and Defendants may not introduce evidence of such payments for the purpose of convincing the jury to reduce Ms. LePage's damages. And because introducing evidence regarding collateral source payments for any other purpose poses a grave risk that the jury will rely on the evidence for the improper purpose of reducing its damages award, the evidence should be excluded entirely. Ms. LePage therefore respectfully requests that the Court exclude all evidence, questioning, or argument regarding her receipt of collateral source payments pursuant to the collateral source rule and Federal Rule of Evidence 403.

## II. ARGUMENT

"Under the collateral source rule, benefits received by the plaintiff from a source collateral to the defendant may not be used to reduce that defendant's liability for damages." *McLean v. Runyon*, 222 F.3d 1150, 1155-56 (9th Cir. 2000) (internal quotation marks omitted). The rationale for the rule is that a "defendant should not get a windfall for collateral benefits received by the plaintiff and that the defendant should not profit from benefits that the plaintiff has paid for himself." *Id.* at 1156. The collateral source rule is part of the federal common law and is also recognized under California state law. *See Howard v. Cty. of Riverside*, 2014 WL 12589655, at *2 (C.D. Cal. June 3, 2014) ("[T]he collateral source rule[] is recognized as part of the federal common law and applies to section 1983 actions." (internal quotation marks omitted)); *Howell v. Hamilton Meats & Provisions, Inc.*, 52 Cal. 4th 541, 551 (2011) (collateral source rule applies in California).

Applying the collateral source rule here, it is clear that Defendants may not introduce evidence that Ms. LePage has received payments or benefits from sources other than Defendants

themselves in order to argue that her damages should be reduced.  *See, e.g.*, *Ellis v. Navarro*, 2012 WL 3580284, at *5 (N.D. Cal. Aug. 17, 2012) (excluding, pursuant to collateral source rule, evidence that plaintiff's medical expenses were paid by the California Department of Corrections); *Henderson v. Peterson*, 2011 WL 2838169, at *4-5 (N.D. Cal. July 15, 2011) (same).

Nor should the Court permit Defendants to introduce evidence regarding collateral source payments for any other purpose.  Under Rule 403, evidence should be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Here, Defendants have identified no theory under which evidence of third-party payments and benefits Ms. LePage may have received since the incident would be relevant and admissible.  By contrast, the risk that the jury will rely on any such evidence for the plainly improper purpose of reducing its damages award is high.  This risk of unfair prejudice substantially outweighs whatever minimal probative value the evidence of collateral source payments may have, and thus the evidence should be excluded.[1]  *See Ellis*, 2012 WL 3580284, at *5 ("[W]hether Plaintiff's medical expenses were paid by the CDCR is not probative of any factual matter to be decided at trial, and [] the admission of such evidence would likely confuse the jury regarding whether Plaintiff has already been compensated for some of his damages.").

### III.   CONCLUSION

For the foregoing reasons, the Court should exclude all evidence, questioning, or argument regarding any collateral source payments—including, but not limited to, insurance payments and

---

[1] To the extent Defendants believe they may eventually be entitled to a reduction of any damages awarded to Ms. LePage pursuant to California Government Code section 985, that is not a basis for presenting evidence of collateral source payments *to the jury*.  Section 985 provides for a post-trial reduction in damages under certain circumstances in which the defendant is a public entity and the collateral payments were made by certain public benefits programs.  Even assuming section 985 could potentially apply here—which Plaintiff does not concede—section 985 makes clear that any damages reduction is to be handled by separate motion following trial and is *not* an issue for the jury.  Cal. Gov't Code § 985(b) ("Any collateral source payment paid or owed to or on behalf of a plaintiff shall be inadmissible in any action for personal injuries or wrongful death where a public entity is a defendant.").  Accordingly, section 985 provides no basis for presenting evidence regarding collateral source payments at trial.

public benefits from federal, state or local sources—Ms. LePage received following the December 1, 2015 incident that gives rise to this action.

DATED: August 20, 2019				Respectfully submitted,

						MUNGER, TOLLES & OLSON LLP
						   MIRIAM KIM
						   EMILY C. CURRAN-HUBERTY
						   SKYLAR D. BROOKS


						By:   */s/ Emily C. Curran-Huberty*
						       Emily C. Curran-Huberty

						Attorneys for Plaintiff RENEE LEPAGE