DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
PHILIP J. DOWNS, JR., State Bar No. 302939
pdowns@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:       (415) 697-2000
Facsimile:        (415) 813-2045

Attorneys for Defendants
COUNTY OF NAPA, COUNTY OF NAPA SHERIFF'S
DEPARTMENT, DEPUTY TIMOTHY REID

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE LEPAGE, an individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF NAPA; COUNTY OF NAPA SHERIFF'S DEPARTMENT; AND DEPUTY TIMOTHY REID,<br><br>　　　　　　Defendants. | Case No.: 3:17-cv-00600-LB<br><br>Magistrate Judge Laurel Beeler<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE, #3 TO EXCLUDE AMOUNT PAID**<br><br>Trial:     October 15, 2019 |

Defendants COUNTY OF NAPA; COUNTY OF NAPA'S SHERIFF'S DEPARTMENT; and DEPUTY TIMOTHY REID ("Defendants") oppose Plaintiff's Motion in Limine regarding the applicability of *Howell v. Hamilton Meats & Provisions*, 52 Cal. 4th 541 (Cal. 2011) to federal court litigation. For the reasons stated below, Defendants believe *Howell* applies.

**I.     BACKGROUND: HOWELL**

In *Corenbaum v. Lampkin*, 215 Cal. App. 4th 1308 (2013), the California Second District Court Appeal concisely summarized the *Howell* opinion:

> The California Supreme Court in *Howell*, *supra*, 52 Cal.4th 541, 129 Cal.Rptr.3d 325, 257 P.3d 1130, held that an injured plaintiff whose medical expenses are paid by private insurance can recover damages for past medical expenses in an amount no greater than the amount that the plaintiff's medical providers, pursuant to prior agreement, accepted as full payment or, to the extent that payment is still owing, the amount that the medical providers had agreed to accept as full payment for the services provided. The plaintiff's

pecuniary loss is limited to the amount paid or incurred for past medical services, so the plaintiff cannot recover damages in excess of that amount. *Howell* approved the general rule from *Hanif*, *supra*, 200 Cal.App.3d 635, 640–641, 246 Cal.Rptr. 192, and *Nishihama*, *supra*, 93 Cal.App.4th 298, 306–307, 112 Cal.Rptr.2d 861, in this regard.

*Corenbaum, supra, at* 1324-1325 (internal citations omitted). The California Supreme Court found its ruling did not violate the collateral source rule or undermine the rule's policy goals, for three reasons: (1) commercially negotiated price contracts between insurers and providers does not constitute a gratuitous service[1]; (2) there is no "windfall" to the tortfeasor because "it is not possible to say generally that providers' full bills represent the real value of their services, nor that the discounted payments they accept from private insurers are mere arbitrary reductions"[2]; and (3) the "negotiated rate differential" is not an insurance benefit (because a plaintiff never actually incurs liability for the full amount charged by the provider)[3]. The state high court concluded its ruling was consistent with the collateral source rule, as a plaintiff still "recovers the amounts paid on her behalf by her health insurer as well as her own out-of-pocket expenses. No credit against the tortfeasor's liability and no deduction from the damages which the plaintiff would otherwise collect from the tortfeasor is allowed for the amount paid through insurance."[4]

## II. HOWELL IN FEDERAL COURT

Defendants' research did not uncover any Ninth Circuit or Supreme Court authority on this issue. Within California's four federal District Courts, there have been at least eight (8) cases regarding *Howell*'s application to federal proceedings. In chronological order, they are:

1. *Valiavicharska v. Tinney*, CV-10-4847-JSC (N.D. Cal. February 2, 2012)[5]

2. *Hill v. Novartis Pharmaceuticals Corp.*, 944 F. Supl. 2d 943 (E.D. Cal. May 10, 2013)

3. *Pooshs vs. Phillip Morris USA, Inc.*, 2013 WL 2253780 (N.D. Cal. May 22, 2013)

4. *Forbes v. County of Orange*, 2013 WL 12165672 (C.D. Cal. August 4, 2013)

---

[1] *Howell*, *supra*, at 557-559.

[2] *Howell*, *supra*, at 560-562.

[3] *Howell*, *supra*, at 563-566.

[4] *Howell*, *supra*, at 565 (internal quotations and citations omitted).

[5] Defendants could not locate a Westlaw cite for this case, so a copy of it is attached as Ex. "A" to this brief.

5. *Howard v. County of Riverside*, 2014 WL 12589655 (C.D. Cal. June 3, 2014)

6. *Baltazar v. Target Corporation*, 2014 WL 12599626 (S.D. Cal. October 22, 2014)

7. *Moreno v. Ross Island Sand & Gravel Co.*, 2015 WL 6690067 (E.D. Cal. October 29, 2015)

8. *Avila v. California*, 2018 WL 836440 (E.D. Cal. February 13, 2018)

The Districts Courts are split. Five apply *Howell*; three do not. The five cases in support are *Hill*, *Pooshs*, *Baltazar*, *Valiavicharska,* and *Avila*. The three opposing cases are *Forbes* and *Howard*, and *Moreno*.

"[A] district court opinion does not have binding precedential effect." *NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007). See also *United States v. Ensminger*, 567 F.3d 587, 591 (9th Cir.2009), citing *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir.2004) for the language "[t]he general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions."

### A. Supporting Cases

In *Avila* – a Section 1983 case issued last year – Chief District Judge O'Neill ruled that "[t]he actual damages for medical bills is the amount the medical professional agrees to accept in full payment for the medical services." *Avila*, *supra*, at *6, as clarified on reconsideration, No. 115CV00996LJOEPG, 2018 WL 1763250 (E.D. Cal. Apr. 12, 2018)[6] The Court permitted those amounts to be presented, "but not how the amounts were determined. There will be no mention of health insurance by either side, nor any mention of amounts charged if those amounts are different from the amounts actually paid to satisfy the medical billing in its entirety." *Id.*

In *Valiavicharska,* another Section 1983 case, the Court found the *Howell* rule "makes common sense." (*Valiavicharska*, p. 4).

### B. Opposing Cases Distinguishable

*Forbes*, *Howard*, and *Moreno* are all distinguishable.

---

[6] The clarified ruling did not relate to the damages issue.

1. Moreno

This is a maritime case.

2. Forbes

The *Forbes* Court denied a defense motion limiting past medical expenses to the amount paid. *Forbes*, *supra*, at * 11. It found that "[u]nder federal common law, as opposed to California law, Plaintiff is entitled to recover the full amount of medical expenses charged by his providers, not merely the reduced amounts paid by Medi-Cal." *Id.* In deciding that federal common law is different from *Howell*, *Forbes* cited two cases: one from the Seventh and one from the Eighth. *Id.* Those citations are unpersuasive.

*Perry v. Larson*, 794 F.2d 279 (7th Cir. 1986) concerned whether or not to reduce an economic damages award "by the amount of unemployment compensation" the plaintiff received. *Perry*, *supra*, at 285. The Court said no to any reduction. *Id.*, at 286. *Gill v. Maciejewski*, 546 F.3d 557 (8th Cir. 2008) concerned whether or not to reduce an economic damages award by the amount the plaintiff received from his insurer to cover medical expenses. *Gill*, *supra*, at 564-565. In other words, the defendant sought to have the verdict reduced by the past medical expenses paid. The Court said no, citing the common law collateral source rule. *Gill*, *supra*, at 564-565.

Neither *Perry* nor *Gill* addresses the particular issue raised in *Howell* (or here): whether to permit the gross amount of past medical charges. Rather, the Seventh and Eighth Circuit opinions addressed whether to exclude the amount the amount actually paid in unemployment compensation/medical expenses. Such is not in dispute here. Both sides agree that, at the very least, the amount of medical expenses actually paid is admissible.

Because neither *Perry* nor *Gill* stand for the proposition which *Forbes* purports, *Forbes* is inapposite.

3. Howard

The *Howard* Court denied a defense motion limiting past medical expenses to the amount paid. *Howard*, *supra*, at * 6. It found the "*Howell* method of calculating the "reasonable value" of medical expenses is inconsistent with the federal common law collateral source rule." *Id.*, at * 5. Specifically, the Court rejected "*Howell*'s underlying premise that a negotiated rate differential is

not a 'benefit conferred on the injured party.'" *Id.* at *6. In reaching this conclusion, the Court relied upon Section 911, 920A, and 924 of the Second Restatement of Torts. *Id.* at *5-6. Those are the same provisions relied upon by the California Supreme Court in *Howell*. *Howard* is unpersuasive because, for the reasons stated below, the California Supreme Court's interpretation of the Restatement is the correct one.

*Howard* has not been cited by any District Court.

### C. The Second Restatement

Section 911 of the Second Restatement of Torts concerns the reasonable value of services, with comment h explaining that "[i]f ... the injured person paid less than the exchange rate, he can recover no more than the amount paid, except when the low rate was intended as a gift to him." *Howell*, *supra*, at 556 (citing the Second Restatement of Torts). Section 920A of the Second Restatement applies the collateral source rule to gratuitous payments and services. *Id.* at 557-558. Section 924 of the Second Restatement provides for the recovery of reasonable medical expenses. *Id.* at 556. *Howell* finds Section 911 persuasive and the other provisions not inconsistent with it; *Howard* finds the opposite.

Section 911 plainly states that recovery is limited to the amount paid or the exchange rate, whichever is lower. And while Section 920A does apply to gratuitous or donated services, *Howell* persuasively argues why the negotiated amounts do not qualify as such: the amount charged but not ultimately paid is not some charitable gift from the provider to the insurer or the insured. Rather, the differential amount reflects the arms-length commercial negotiations between an insurer provider and a health-care provider, with the amount ultimately paid reflecting the results of such negotiation.

Section 924 does not contradict Section 911. As explained by the California Supreme Court: "[c]ontrary to the view of the dissent, section 924 of the Restatement, which provides that a tort plaintiff may recover "reasonable medical and other expenses," expresses no different principle. To be recoverable as "expenses," monies must generally have been expended, or at least incurred; that they must also be reasonable does not alter this general rule." *Howell*, *supra*, at 556 (internal citations omitted). *Howell* goes on to reference the reporter's note for Section

924: "[t]he reporter's note for section 924 (Rest.2d Torts (appen.) § 924, reporter's notes, p. 445), cites in support of its rule, among other cases, *Birmingham Amusement Co. v. Norris* (1927) 216 Ala. 138, 112 So. 633, which stated, quoting an earlier Alabama case, that [w]hile it is true that the defendant is not liable for any more than the reasonable value of the services of a physician, yet neither is it liable for any more than has actually been paid or is due. So it is necessary to prove both..." *Howell*, *supra*, at 556, n. 5.

*Howard* does not critically analyze or explain *why* the negotiated differential constitutes a gratuitous service or benefit received; it just concludes so. *Howard*, *supra*, at * 6.

Conclusion

For the above-stated reasons, Defendants believe that Plaintiff's recoverable past medical expenses are limited to the amounts actually paid.  In the event the court is unpersuaded as to the federal substantive law issues under the 4th amendment allegations, it must be pointed out that plaintiff also has a substantive negligence allegation under California law where *Howell* does apply to her damages claim.  In the event the jury returns a verdict finding no federal law liability, but state negligence liability, allowing proof of billing in the absence of actual evidence of bills owed or paid, has the substantial risk of prejudicing the jury on the damages, both general and special.

Should the court be inclined to allow billing records evidence in plaintiff's case in chief, defendant request leave to file a supplemental motion to bifurcate the liability phase from damages to ensure a verdict free from undue prejudice in assessment of damages.

Dated:  September 5, 2019           ALLEN, GLAESSNER,
                                    HAZELWOOD & WERTH, LLP


                                    By:___*Dale L. Allen, Jr.*_____
                                       DALE L. ALLEN, JR.
                                       PHILIP J. DOWNS, JR.
                                       Attorneys for Defendants
                                       COUNTY OF NAPA, COUNTY OF NAPA
                                       SHERIFF'S DEPARTMENT, DEPUTY
                                       TIMOTHY REID