MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
EMILY C. CURRAN-HUBERTY (State Bar No. 293065)
emily.curran-huberty@mto.com
SKYLAR D. BROOKS (State Bar No. 310707)
skylar.brooks@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Plaintiff
RENEE LEPAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RENEE LEPAGE, an individual,<br><br>         Plaintiff,<br><br>    vs.<br><br>COUNTY OF NAPA; COUNTY OF NAPA SHERIFF'S DEPARTMENT; AND DEPUTY TIMOTHY REID,<br><br>         Defendants. | Case No. 3:17-cv-00600-LB<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE DEFENDANTS FROM OFFERING IMPROPER "EXPERT" TESTIMONY BY CAPTAIN CULLEN DODD**<br><br>Judge:   Hon. Laurel Beeler<br>Date:    September 26, 2019<br>Time:    1:30 p.m.<br>Crtrm.:  B – 15th Floor<br><br>Trial Date.:    October 15, 2019 |

17-cv-00600-LB

PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE DEFENDANTS FROM OFFERING IMPROPER "EXPERT" TESTIMONY BY CAPTAIN CULLEN DODD

## I. INTRODUCTION

Plaintiff Renee LePage herein moves to preclude Defendants County of Napa, County of Napa Sheriff's Department, and Deputy Timothy Reid (collectively, "Defendants") from presenting their employee, Captain Cullen Dodd, as an "expert" witness or characterizing his testimony as expert opinion. To date, Defendants have failed to disclose or otherwise identify what expert opinion or testimony Captain Dodd intends to offer that has any relevance to any claim or defense in this action. In the absence of any concrete expert opinion or testimony that is both relevant and admissible, the vague presentation of Captain Dodd as an "expert" testifying on Defendants' behalf risks creating unfair prejudice and jury confusion. The Court should therefore preclude Defendants from presenting Captain Dodd as an expert witness as to any subject pursuant to Federal Rules of Evidence 402, 403, and 702.

## II. BACKGROUND

Captain (then-Lieutenant) Dodd was first disclosed by Defendants when they produced him as 30(b)(6) witness in response to Ms. LePage's Notice of 30(b)(6) Deposition regarding Napa County's training, policies, and procedures. Ex. A (Pl.'s 30(b)(6) Notice),[1] Attachment A at 2.

Several weeks after his deposition, Defendants disclosed Captain Dodd as a "non-retained expert" under Federal Rule of Civil Procedure 26(a)(2)(C), stating as follows:

> Lt. Dodd is expected to testify regarding Sheriff's Office customs, practices, procedures, and policies as they pertain to the incident, and the subject-matter of the incident related investigation. A summary of his facts and opinions which he is expected to testify to may be found in his deposition testimony.

Ex. B (Defs.' Expert Disclosures).

Ms. LePage initially objected to this disclosure to the extent it suggested that Captain Dodd intended to opine on the reasonableness or appropriateness of Defendant Reid's or the County's actions or conduct during the incident or in the investigation that followed. Because Captain Dodd had no percipient knowledge of the incident or the County's investigation, Ms. LePage's

---

[1] Unless otherwise indicated, all exhibit numbers refer to the Declaration of Emily C. Curran-Huberty, filed concurrently herewith.

position was that Captain Dodd could not offer opinions specific to the incident or investigation without providing a written report. Ex. C (July 24, 2018 email).

In response, Defendants clarified that Captain Dodd did *not* intend to offer any opinion specific to the incident itself or the subsequent investigation and would not opine, for instance, that Deputy Reid's actions toward Ms. LePage were reasonable or in compliance with Napa County policy. Ex. D (Aug. 2018 email chain) at 1-2. Defendants further clarified that: "[Dodd] is being offered to opine at to the Monell related issues, e.g. the County's customs, practices, and policies; to include, e.g., their sufficiency under and compliance with requirements set forth by the California Penal Code and POST." *Id.* at 1.

In October 2018, Ms. LePage voluntarily dismissed her *Monell* claim with prejudice. ECF No. 94. Accordingly, the sufficiency of Napa County's policies and compliance with the California Penal Code and POST are no longer at issue in the case.

In the meet and confer regarding the parties' pretrial filings, Defendants again confirmed that they do not intend to call Captain Dodd to offer any opinion regarding the incident or investigation or the reasonableness of Deputy Reid's or other officers' conduct. Defendants indicated, however, that they still intend to call Captain Dodd as an expert witness. When asked what expert opinions or testimony Captain Dodd would offer given that the *Monell* claim was no longer in the case, Defendants indicated that Captain Dodd would testify to what the County's policies entail.

### III.   ARGUMENT

To be admissible, evidence must relevant, and its probative value must not be substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also id.* 402. Moreover, expert testimony is admissible only if it will "help the trier of fact to understand the evidence or to determine a fact in issue." *Id.* 702(a).

As the issues have developed in this case, any "expert" testimony Captain Dodd intends to offer would be neither relevant nor helpful, and would pose a danger of unfair prejudice and jury confusion. After Ms. LePage dismissed her *Monell* claim, there was no longer any need or basis

1  for Defendants to offer any witness to opine on the adequacy of Napa County's policies; indeed,
2  Defendants indicated in meet and confer that they would move *in limine* to exclude any such
3  evidence.  Ex. E (Aug. 16, 2019 email).

4        Defendants have also disavowed any intent to have Captain Dodd opine that Defendant
5  Deputy Reid's actions toward Ms. LePage during the alleged incident were reasonable, consistent
6  with Napa County's policies and procedures, or otherwise appropriate.  Ex. D (Aug. 2018 email
7  chain).  This concession is required by the Federal Rules.  The law is clear that a so-called "non-
8  retained" expert who is not required to submit a report under Rule 26(a)(2)(C) may only "offer
9  testimony limited to his or her percipient knowledge."  *Cantu v. United States*, No. CV 14-000219
10 MMM, 2015 WL 12743881, at *4 (C.D. Cal. Apr. 6, 2015); *see also Goodman v. Staples The
11 Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (same).  Captain Dodd has no
12 percipient knowledge of the incident that gave rise to this lawsuit, and thus cannot opine as to its
13 specifics after having failed to provide a written report.

14       If Defendants intend merely for Captain Dodd to testify to what Napa County's policies
15 *are*, such testimony is classic fact testimony offered by an employee of Defendants who
16 previously offered such testimony as a 30(b0(6) witness.  Napa County's policies are not so
17 inherently complex, technical, or specialized that they require a so-called "expert" to explain them
18 to the jury.

19       In the absence of any expert opinion or testimony that could conceivably be relevant and
20 helpful to the trier of fact, allowing Defendants to offer Captain Dodd as an expert would risk
21 unfair prejudice and jury confusion.  Calling Captain Dodd an "expert" when his testimony does
22 not meet standards required of expert testimony under Rule 702 may confer a halo of credibility
23 and suggest that the jury place undue weight on his testimony.  *See United States v. Freeman*, 498
24 F.3d 893, 903 (9th Cir. 2007) (noting the danger that an investigator who testifies as both a fact
25 witness and expert will "receive[] unmerited credibility for lay testimony" (internal quotation
26 marks omitted)); *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001) ("[A]s the
27 opinion of a purported "expert" . . . [a witness's] statements [a]re likely to carry special weight
28 with the jury," such that "care must be taken to assure that a proffered witness truly qualifies as an

expert, and that such testimony meets the requirements of Rule 702."), *op. amended on other grounds by* 272 F.3d 1289.  Alternatively, the jury may simply be confused as to why one of the county's employees is being presented as an "expert," while others are not.  Either possibility should be enough to prevent Defendants from proffering Captain Dodd as an "expert," because the probative value of doing so—as compared to simply soliciting the same testimony from him as a fact witness—is so slight as to be non-existent.

## IV. CONCLUSION

For the foregoing reasons, Defendants should be precluded from presenting Captain Dodd as an expert witness.

DATED: August 20, 2019               Respectfully submitted,

                                     MUNGER, TOLLES & OLSON LLP
                                        MIRIAM KIM
                                        EMILY C. CURRAN-HUBERTY
                                        SKYLAR D. BROOKS


                                     By:      */s/ Emily C. Curran-Huberty*
                                              Emily C. Curran-Huberty

                                     Attorneys for Plaintiff RENEE LEPAGE