MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
EMILY C. CURRAN-HUBERTY (State Bar No. 293065)
emily.curran-huberty@mto.com
SKYLAR D. BROOKS (State Bar No. 310707)
skylar.brooks@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

Attorneys for Plaintiff
RENEE LEPAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RENEE LEPAGE, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF NAPA; COUNTY OF NAPA SHERIFF'S DEPARTMENT; AND DEPUTY TIMOTHY REID,<br><br>　　　　Defendants. | Case No. 3:17-cv-00600-LB<br><br>**JOINT [PROPOSED] PRETRIAL ORDER**<br><br>Judge:　　Hon. Laurel Beeler<br>Date:　　　September 26, 2019<br>Time:　　　1:30 p.m.<br>Crtrm.:　　B – 15th Floor<br><br>Trial Date.:　　　October 15, 2019 |

The Court held a final pretrial conference on September 26, 2019. The court adopts the following pretrial order pursuant to Federal Rule of Civil Procedure 16(e).

## I. Claims and Defenses

### A. Plaintiff's Statement

Plaintiff Renee LePage asserts that defendant Reid used excessive force against her in the vestibule area outside a courtroom at the Napa County courthouse. Ms. LePage brings her claims under the United States Constitution, federal and California civil rights laws (42 U.S.C. § 1983 and the Bane Act), and California common law (battery and negligence claims). Ms. LePage also claims that Defendants County of Napa and the Napa County Sheriff's Department are vicariously liable for defendant Reid's wrongful acts.

### B. Defendants' Statement

Defendant Tim Reid denies he used excessive force against plaintiff under the 4th amendment or was negligent in the manner he entered the courtroom vestibule in response to an emergency.

## II. Statement of Relief

Ms. LePage seeks damages for the following injuries, in an amount according to proof and that is fair, just, and reasonable:

1. Economic damages;
2. Non-economic damages;
3. Punitive damages against Defendant Reid; and
4. Attorney's fees and costs.

## III. Stipulated, Undisputed Facts

Plaintiff Renee LePage and Defendants County of Napa, County of Napa Sheriff's Department, and Deputy Timothy Reid, by and through their attorneys, stipulate as follows:

1. County of Napa is and, at all relevant times was, a public entity, duly organized and existing under and by virtue of the laws of the State of California.

2. Defendant County of Napa Sheriff's Department is a subdivision of Defendant County of Napa, which employs, manages, and supervises deputy sheriffs, who are law enforcement officers.

3.  Deputy Reid has been employed as a deputy sheriff with the County of Napa and the Napa County Sheriff's Department since August 31, 2015.

4.  Deputy Reid was acting under color of state law at all times relevant to this action.

5.  Deputy Reid was acting within the course and scope of his employment at all times relevant to this action.

6.  On the morning of December 1, 2015, Ms. LePage was lawfully and peacefully in Department E of the Napa County Superior Courthouse located at 1111 Third Street, Napa, California ("Courthouse") for an unrelated case.

7.  As Ms. LePage was exiting Courtroom E, she encountered Deputy Reid in the vestibule area between the courtroom and the public hallway.

8.  The entrance to Courtroom E from the public hallway consists of one set of double doors that lead to a vestibule, followed by another set of double doors that lead to the courtroom.

9.  There is an attorney conference room off of each side of the vestibule. Each conference room is accessed through a solid door.

10. At the time Deputy Reid encountered Ms. LePage, he was wearing his Department-issued bulletproof vest.

## IV. Disputed Fact Issues

1.  Whether Deputy Reid used force against Ms. LePage.

2.  Whether any force Deputy Reid used against Ms. LePage was excessive in violation of the Fourth Amendment.

3.  Whether there were any witnesses to the encounter between Deputy Reid and Ms. LePage.

4.  Whether Deputy Reid's conduct injured Ms. LePage.

5.  Whether Deputy Reid intentionally interfered with or attempted to interfere with Ms. LePage's right to be free from unreasonable seizure by threats, intimidation, or coercion.

6.  The nature and extent of Ms. LePage's injuries and damages.

7.  Whether Deputy Reid acted with reckless disregard for Ms. LePage's rights and safety or with malice or oppression.

8.  The amount of punitive damages, if any, that should issue against Defendants.

## V. Disputed Legal Issues

Whether qualified immunity applies.

**VI.   Stipulations**

    A.     See Separate Stipulations Document, Attached as Exhibit D.

**VII.  Estimate of Total Trial Time**

Ms. LePage estimates that presenting her case, including her case-in-chief, cross, rebuttal, and opening and closing statements will require seven (7) hours. Defendants estimate the same amount, but possibly 3-5 hours more depending on what County of Napa employees are or are not called in plaintiff's case in chief.

**VIII. Settlement Negotiations**

The parties attended a settlement conference with Judge Ryu on November 26, 2018. The matter did not settle. Although Ms. LePage is open to the possibility of alternative dispute resolution, in light of the parties' previous positions and the absence of changed circumstances, it is not clear that additional settlement negotiations would be fruitful at this time.

**IX.   Issues to Be Tried to the Court**

    A.     Whether the plaintiff is entitled to attorney's fees and costs.

    B.     Whether qualified immunity applies by a Rule 50(a) and 50(b) motion.

**X.    Attachments Appended to the Joint Proposed Pretrial Order**

Pursuant to the Case-Management and Pretrial Order (Dkt. 31), attached to this Joint Proposed Pretrial Order are the following exhibits:

    A.     Proposed Verdict Form (Exhibit A and B)

Attached as Exhibit A is Plaintiff's Proposed Verdict Form. Attached as Exhibit B is Defendants' Proposed Verdict Form. The parties are continuing to meet and confer on two disputed questions. To the extent the parties are able to resolve the dispute, they will submit a Joint Proposed Verdict Form in advance of the pretrial conference.

    B.     Jury Instructions (Exhibit C)

Attached as Exhibit C are the Joint Proposed Jury Instructions (Undisputed and Disputed). The sole dispute in connection with the jury instructions is whether to include an instruction for Battery by a Police Officer (CACI No. 1305) in addition to the agreed upon instruction for the federal excessive force claim based on Ninth Circuit Model Civil Jury Instruction No. 9.25.

Plaintiff's position is that the same legal instruction should be used for both the federal excessive force claim and the state law battery claim. *Aguilar v. City of Concord*, No. 16-CV-01670-LB, 2017 WL 3895715, at *4 (N.D. Cal. Sept. 5, 2017) (Beeler, J.) ("That said, generally battery is the state charge that accompanies the federal excessive-force claim (and has the same legal instruction). See May v. City of San Mateo, No. 16-cv-00252-LB—ECF No. 173 (final jury instructions).").

    **C.**    Attached as Exhibit D are Plaintiff's and Defendants' Stipulations.

    **D.**    Attached as Exhibit E is Plaintiff's Witness List.

    **E.**    Attached as Exhibit F is Defendants' Witness List.

    **F.**    Attached as Exhibit G is the Joint Trial Exhibit List.

    **G.**    Proposed Jury Questionnaire (Exhibit H)

Attached as Exhibit H is Plaintiff's Proposed Jury Questionnaire, or in the Alternative, Voir Dire Questions. Ms. LePage believes that the use of the Court's standard questionnaire with some modifications would help facilitate an efficient voir dire process – whether the Court decides to have jurors fill out the forms or refer to them as they answer the questions orally in Court.

Defendants object to the use of a written questionnaire. The parties made a good faith effort to discuss and will seek a ruling from the Court on Plaintiff's proposal.

    **H.**    Proposed Voir Dire Questions (Exhibits I and J)

To the extent the Court does not use a written questionnaire, the parties propose that Question Nos. 12-14 of Plaintiff's Proposed Jury Questionnaire (attached hereto as Exhibit H) be used as voir dire questions. In addition, the parties have proposed supplemental voir dire questions as separate requests. Attached as Exhibit I are Plaintiff's Proposed Voir Dire Questions. Attached as Exhibit J are Defendants' Proposed Voir Dire Questions. The parties are continuing to meet and confer on these separate requests and pending objections. To the extent the parties are unable to resolve the objections, they will submit the questions for a ruling from the Court.

| | | |
|---|---|---|
| 1 | DATED: September 6, 2019 | Respectfully submitted, |
| 2 | | MUNGER, TOLLES & OLSON LLP |
| 3 | |     MIRIAM KIM |
| | |     EMILY C. CURRAN-HUBERTY |
| 4 | |     SKYLAR D. BROOKS |

By: ___*/s/ Emily Curran-Huberty*___
    Emily Curran-Huberty

    Attorneys for Plaintiff RENEE LEPAGE

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP


By: ___*/s/Dale L. Allen, Jr.*___
    DALE L. ALLEN, JR.
    PHILIP J. DOWNS, JR.

    Attorneys for Defendants
COUNTY OF NAPA, COUNTY OF NAPA
SHERIFF'S DEPARTMENT, DEPUTY TIMOTHY
REID