# EXHIBIT C

1  MIRIAM KIM (State Bar No. 238230)]
   miriam.kim@mto.com
2  SKYLAR D. BROOKS (State Bar No. 310707)]
   skylar.brooks@mto.com
3  EMILY C. CURRAN-HUBERTY (State Bar No. 293065)
   emily.curran-huberty@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
5  Twenty-Seventh Floor
   San Francisco, California 94105-2907
6  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
7

8  Attorneys for Plaintiff
   RENEE LEPAGE

9               UNITED STATES DISTRICT COURT

10     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  RENEE LEPAGE, an individual, | Case No. 3:17-cv-00600-LB |
| 13              Plaintiff, | **JOINT [PROPOSED] JURY INSTRUCTIONS (UNDISPUTED AND DISPUTED)** |
| 14         vs. | |
| 15  COUNTY OF NAPA; COUNTY OF NAPA SHERIFF'S DEPARTMENT; AND DEPUTY | |
| 16  TIMOTHY REID, | |
| 17              Defendants. | |

18

19         Pursuant to Federal Rule of Civil Procedure 51, the parties request that the Court instruct

20  the jury on the law as set forth in the following separately numbered proposed jury instructions.

21  The parties have one dispute regarding the proper instruction relating to the state law battery

22  claim.  *Compare* Plaintiff's Proposed Final Instruction No. 18 (9th Cir. Model Civil Jury

23  Instruction 9.25), *and* Defendants' Proposed Final Instruction No. 19 (CACI No. 1305).

24         Ms. LePage reserves the right to amend, supplement, or withdraw proposed jury

25  instructions based on the resolution of pending motions *in limine* and ongoing meet and confer in

26  connection with the final pretrial conference.

27

28

1

## TABLE OF CONTENTS

| PRELIMINARY INSTRUCTIONS | | | |
|---|---|---|---|
| **Number** | **Title** | **Source** | **Page No.** |
| 1 | Statement of the Case (to be read to jury during voir dire) | Dkt. No. 031 at 5 | 2 |
| 2 | Duty of Jury | 9th Cir. 1.3 | 3 |
| 3 | Claims and Defenses | 9th Cir. 1.5 | 4 |
| 4 | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.6 | 5 |
| 5 | What Is Evidence | 9th Cir. 1.9 | 6 |
| 6 | What Is Not Evidence | 9th Cir. 1.10 | 7 |
| 7 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 8 |
| 8 | Ruling on Objections | 9th Cir. 1.13 | 9 |
| 9 | Credibility of Witnesses | 9th Cir. 1.14 | 10 - 11 |
| 10 | Conduct of the Jury | 9th Cir. 1.15 | 12 - 13 |
| 11 | No Transcript Available to Jury | 9th Cir. 1.17 | 14 |
| 12 | Taking Notes | 9th Cir. 1.18 | 15 |
| 13 | Bench Conferences and Recesses | 9th Cir. 1.20 | 16 |
| 14 | Outline of Trial | 9th Cir. 1.21 | 17 |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FINAL JURY INSTRUCTIONS**

| Number | Title | Source | Page No. |
|--------|-------|--------|----------|
| 1 | Duty of the Jury | 9th Cir. 1.4 | 18 |
| 2 | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.6 | 19 |
| 3 | What Is Evidence | 9th Cir. 1.9 | 20 |
| 4 | What Is Not Evidence | 9th Cir. 1.10 | 21 |
| 5 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 22 |
| 6 | Ruling on Objections | 9th Cir. 1.13 | 23 |
| 7 | Credibility of Witnesses | 9th Cir. 1.14 | 24 - 25 |
| 8 | Impeachment Evidence – Witness | 9th Cir. 2.9 | 26 |
| 9 | Bench Conferences and Recesses | 9th Cir. 1.20 | 27 |
| 10 | Stipulations Of Fact | 9th Cir. 2.2 | 28 |
| 11 | Use of Requests for Admission | 9th Cir. 2.12 | 29 |
| 12 | Expert Opinion | 9th Cir. 2.13 | 30 |
| 13 | Evidence In Electronic Format | 9th Cir. 2.16 | 31 - 32 |
| 14 | Claims And Defenses | 9th Cir. 1.5 | 33 |
| 15 | Section 1983 Claim – Introductory Instruction | 9th Cir. 9.1 | 34 |
| 16 | Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof | 9th Cir. 9.3 | 35 |
| 17 | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Generally | 9th Cir. 9.20 | 36 |
| 18 | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force [Plaintiffs' Proposed Instruction; Disputed Instruction Insofar as It | 9th Cir. 9.25; *Aguilar v. City of Concord*, No. 16-CV-01670-LB, 2017 WL 3895715, at *4 (N.D. Cal. Sept. 5, 2017); *May v. City of* | 37 - 38 |

| | Also Applies to California Battery Claim] | *San Mateo*, No. 16-cv-00252-LB—ECF No. 173 | |
|---|---|---|---|
| 19 | Battery by a Peace Officer [Defendants' Proposed Instruction (Disputed)] | CACI No. 1305 | 39-40 |
| 20 | Bane Act – Essential Factual Elements (Civ. Code, § 52.1) | CACI No. 3066; *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043, 1045 (9th Cir. 2018); *Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766, 803-804 (2017); *S.R. Nehad v. Browder*, 929 F.3d 1125, 1142 n.15 (9th Cir. 2019) | 41 - 42 |
| 21 | Negligence – Essential Factual Elements | CACI No. 400 | 43 |
| 22 | Basic Standard of Care | CACI No. 401 | 44 |
| 23 | Causation – Substantial Factor | CACI No. 430 | 45 |
| 24 | Custom and Practice | CACI 413 | 46 |
| 25 | Sudden Emergency | CACI 452 | 47 |
| 26 | Legal Relationship Not Disputed | CACI No. 3703 | 48 |
| 27 | Damages – Proof; Measures of Types of Damages | 9th Cir. 5.1; 5.2 | 49 |
| 28 | Unusually Susceptible Plaintiff | CACI No. 3928 | 50 |
| 29 | Punitive Damages | 9th Cir. 5.5 | 51 - 52 |
| 30 | Nominal Damages | 9th Cir 5.6 | 53 |
| 31 | Duty to Deliberate | 9th Cir. 3.1 | 54 |
| 32 | Consideration of the Evidence – Conduct of the Jury | 9th Cir. 3.2 | 55 - 56 |
| 33 | Communication with Court | 9th Cir. 3.3 | 57 |
| 34 | Return of Verdict | 9th Cir. 3.5 | 58 |

## **PRELIMINARY INSTRUCTION 1:**

### **STATEMENT OF THE CASE**

On December 1, 2015, Plaintiff Renee LePage was in Courtroom E of the Napa County Superior Courthouse.  She was wearing a neck brace from a recent spinal surgery.  While Ms. LePage was present in the courtroom, an incident occurred and the courtroom was ordered cleared.

Defendant Deputy Sheriff Timothy Reid was in the adjacent courtroom.  He heard a call for assistance over the radio.  He immediately walked quickly to Courtroom E.  As Ms. LePage was exiting Courtroom E, she encountered defendant Reid in the vestibule area just outside the courtroom.

The parties disagree on what happened.  Ms. LePage claims that defendant Reid made eye contact with her, approached her directly from the hallway, and slammed her with his heavy, bullet-proof vest, pushing her into the door, and (when she bounced back), grabbed both of her upper arms with both of his hands and forcefully threw her back against the same door.

Deputy Reid denies he battered or used excessive force on anyone as he entered the courtroom.  Deputy Reid asserts he moved through a crowd of people exiting to respond and gain entry into the courtroom to render assistance.

Ms. LePage claims the incident with defendant Reid caused her serious pain, loss, and emotional suffering.  She seeks compensatory and punitive damages against Deputy Reid and his employers, Napa County Sheriff's Department and County of Napa.  Deputy Reid denies Ms. LePage's medical issues are a result of contact between her and Deputy Reid.

**PRELIMINARY INSTRUCTION 2:**

**DUTY OF JURY**

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

[**SOURCE:** <u>Ninth Circuit Manual of Model Civil Jury Instructions</u>, No. 1.3 (2017 ed.) (Duty of Jury)]

**PRELIMINARY INSTRUCTION 3:**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Renee LePage asserts that defendant Reid used excessive force against her in the vestibule area outside a courtroom at the Napa County courthouse.  Ms. LePage brings her claims under the United States Constitution, federal and California civil rights laws (42 U.S.C. § 1983 and the Bane Act), and California common law (the battery and negligence claims).  Ms. LePage also claims that Defendants County of Napa and the Napa County Sheriff's Department are vicariously liable for defendant Reid's wrongful acts.  The plaintiff has the burden of proving these claims by a preponderance of the evidence.

The defendants deny these claims.  The defendants have raised a number of defenses, including that Deputy Reid acted reasonably.  The defendants have the burden of proof on their affirmative defenses.

The plaintiff denies defendants' affirmative defenses.

[**SOURCE:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.5 (2017 ed.) (Claims and Defenses)]

## **PRELIMINARY INSTRUCTION 4:**

### **BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

[**SOURCE:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.6 (2017 ed.) (Burden of Proof – Preponderance of the Evidence)]

## **PRELIMINARY INSTRUCTION 5:**

## **WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

[**SOURCE:** <u>Ninth Circuit Manual of Model Civil Jury Instructions</u>, No. 1.9 (2017 ed.) (What is Evidence)]

## PRELIMINARY INSTRUCTION 6:

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 1.10 (2017 ed.) (What is Not Evidence)]

## PRELIMINARY INSTRUCTION 7:

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

[**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 1.12 (2017 ed.) (Direct and Circumstantial Evidence)]

**<u>PRELIMINARY INSTRUCTION 8</u>:**

**<u>RULING ON OBJECTIONS</u>**


There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.


[**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 1.13 (2017 ed.) (Ruling on Objections)]

PROPOSED JURY INSTRUCTIONS

**PRELIMINARY INSTRUCTION 9:**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2   [**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 1.14 (2017 ed.) (Credibility of

3   Witnesses)]

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRELIMINARY INSTRUCTION 10:

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research,  such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.   Do not visit or view any place discussed in this case, and

do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

[**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 1.15 (2017 ed.) (Conduct of the Jury)]

### PRELIMINARY INSTRUCTION 11:

### NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 1.17 (2017 ed.) (No Transcript Available to Jury)]

## PRELIMINARY INSTRUCTION 12:

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 1.18 (2017 ed.) (Taking Notes)]

## PRELIMINARY INSTRUCTION 13:

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 1.20 (2017 ed.) (Bench Conferences and Recesses)]

## PRELIMINARY INSTRUCTION 14:

## OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.   It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 1.21 (2017 ed.) (Outline of Trial)]

# FINAL JURY INSTRUCTIONS

## FINAL INSTRUCTION 1:
## DUTY OF THE JURY

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

[**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 1.4 (2017 ed.) (Duty of the Jury)]

## **FINAL INSTRUCTION 2:**

## **BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

[**SOURCE:** <u>Ninth Circuit Manual of Model Civil Jury Instructions</u>, No. 1.6 (2017 ed.) (Burden of Proof – Preponderance of the Evidence)]

**<u>FINAL INSTRUCTION 3</u>:**

**<u>WHAT IS EVIDENCE</u>**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

[**SOURCE:** <u>Ninth Circuit Manual of Model Civil Jury Instructions</u>, No. 1.9 (2017 ed.) (What is Evidence)]

**FINAL INSTRUCTION 4:**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 1.10 (2017 ed.) (What is Not Evidence)]

**<u>FINAL INSTRUCTION 5</u>:**

**<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

[**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 1.12 (2017 ed.) (Direct and Circumstantial Evidence)]

PROPOSED JURY INSTRUCTIONS

**FINAL INSTRUCTION 6:**

**RULING ON OBJECTIONS**


There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.


[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 1.13 (2017 ed.) (Ruling on Objections)]

# FINAL INSTRUCTION 7:

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2   [**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 1.14 (2017 ed.) (Credibility of

3   Witnesses)]

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **FINAL INSTRUCTION 8:**

## **IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness gave an inconsistent statement under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 2.9 (2017 ed.) (Impeachment Evidence – Witness)]

**<u>FINAL INSTRUCTION 9</u>:**

**<u>BENCH CONFERENCES AND RECESSES</u>**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I may not have always granted an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

[**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 1.20 (2017 ed.) (Bench Conferences and Recesses)]

# **FINAL INSTRUCTION 10:**

# **STIPULATIONS OF FACT**

The parties have agreed to certain facts to be placed in evidence as Exhibits __ that have been read to you.  You must therefore treat these facts as having been proved.

[**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 2.2 (2017 ed.) (Stipulations of Facts)]

## **FINAL INSTRUCTION 11:**

## **USE OF REQUESTS FOR ADMISSION**

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

[**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 2.12 (2017 ed.) (Use of Requests for Admission)]

# FINAL INSTRUCTION 12:

# EXPERT OPINION

You have heard testimony from Dr. James Chen, Eric Madsen and Dr. Thomas Mampalam who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 2.13 (2017 ed.) (Expert Opinion)]

PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FINAL INSTRUCTION 13:**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the clerk.   If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data or disks from the jury room, and do not copy any such data.

1

2   [**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 2.16 (2017 ed.) (Expert

3   Opinion)]

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION 14:**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Renee LePage asserts that defendant Reid used excessive force against her in the vestibule area outside a courtroom at the Napa County courthouse.  Ms. LePage brings her claims under the United States Constitution, federal and California civil rights laws (42 U.S.C. § 1983 and the Bane Act), and California common law (the battery and negligence claims). Ms. LePage also claims that Defendants County of Napa and the Napa County Sheriff's Department are vicariously liable for defendant Reid's wrongful acts. The plaintiff has the burden of proving these claims by a preponderance of the evidence.

The defendants deny these claims.  The defendants have raised a number of defenses, including that Deputy Reid acted reasonably.  The defendants have the burden of proof on their affirmative defenses.

The plaintiff denies defendants' affirmative defenses.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 1.5 (2017 ed.) (Claims and Defenses)]

1

**FINAL INSTRUCTION 15:**

2

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

3

4        The plaintiff brings a claim under the federal statute, 42 U.S.C. §1983, which provides that

5    any person or persons who, under color of state law, deprives another of any rights, privileges, or

6    immunities secured by the Constitution or laws of the United States shall be liable to the injured

7    party.

8        The plaintiff brings other claims under state law, which will be explained to you later.

9

10

11    [**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 9.1 (2017 ed.) (Section 1983

12    Claim—Introductory Instruction)]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION 16:**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY –
ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her §1983 claim against Defendant Deputy Timothy Reid, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    the defendant acted under color of state law; and

2.    the acts and failures to act of the defendant deprived the plaintiff of her particular rights under the laws of the United States and the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Deputy Reid was acting under color of state law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under the two substantive instructions that deal with the particular rights (which are the next two instructions called (1) Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Generally and (2) Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force), your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 9.3 (2017 ed.) (Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof)]

**FINAL INSTRUCTION 17:**

**PARTICULAR RIGHTS – FOURTH AMENDMENT – UNREASONABLE
SEIZURE OF PERSON – GENERALLY**

As previously explained, the plaintiff has the burden of proving that the acts of defendant Reid deprived her of particular rights under the United States Constitution. In this case, the plaintiff alleges defendant Reid deprived her of her rights under the Fourth Amendment to the Constitution when defendant Reid used force against her in the vestibule area outside Courtroom E

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person.  In order to prove the defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.     Defendant Reid seized the plaintiff's person;

2.     in seizing the plaintiff's person, defendant Reid acted intentionally; and

3.     the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about her business.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct alleged.  Therefore, the plaintiff must prove that defendant Reid intended to use force against her.  It is not enough to prove that the defendant negligently or accidentally engaged in that action. But, while the plaintiff must prove that the defendant intended to act, the plaintiff need not prove that the defendant intended to violate the plaintiff's Fourth Amendment rights.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 9.20 (2017 ed.) (Particular Rights – Fourth Amendment – Unreasonable Seizure of Person - Generally)]

**<u>FINAL INSTRUCTION 18 (DISPUTED):</u>**

**<u>PARTICULAR RIGHTS – FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PERSON – EXCESSIVE FORCE</u>**

**<u>(INSTRUCTION ALSO APPLIES TO CALIFORNIA BATTERY CLAIM)</u>**

**<u>(PROPOSED BY PLAINTIFF)</u>**

In general, a seizure of a person is unreasonable under the Fourth Amendment (and constitutes battery under California law) if a police officer uses excessive force in defending himself or others.  Therefore, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the defendant Reid used excessive force when he encountered her in the vestibule area outside Courtroom E.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)     the nature of the crime or other circumstances known to the officer at the time force was applied;

(2)     whether the plaintiff posed an immediate threat to the safety of the officer or to others;

(3)     whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4)     the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)     the type and amount of force used;

(6)     the availability of alternative methods to gain entry into the courtroom;

(7)      the number of lives at risk and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent; and

(8)      whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 9.25 (2017 ed.) (Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive (Deadly and Nondeadly) Force; *see also* Judicial Council of California Civil Jury Instructions (CACI), No. 1305 (2019 ed.) (Battery by a Peace Officer); *Aguilar v. City of Concord*, No. 16-CV-01670-LB, 2017 WL 3895715, at *4 (N.D. Cal. Sept. 5, 2017) (Beeler, J.) ("That said, generally battery is the state charge that accompanies the federal excessive-force claim (and has the same legal instruction). See May v. City of San Mateo, No. 16-cv-00252-LB—ECF No. 173 (final jury instructions)."); *see also Estate of Casillas v. City of Fresno*, No. 1:16-CV-1042 AWI-SAB, 2019 WL 2869079, at *19 (E.D. Cal. July 3, 2019); *Yount v. City of Sacramento*, 43 Cal. 4th 885, 902, 183 P.3d 471, 484 (2008).]

**FINAL INSTRUCTION 19 (DISPUTED):**

**BATTERY BY PEACE OFFICER**

**(PROPOSED BY DEFENDANTS)**

Plaintiff Renee LePage claims that Defendant Deputy Timothy Reid of the Napa County Sheriff's Office harmed her by using unreasonable force to arrest her/prevent her escape/overcome her resistance [insert other applicable action].  To establish this claim, Renee LePage must prove all of the following:

1.     That Defendant Deputy Timothy Reid intentionally touched Renee LePage [or caused Renee LePage to be touched];

2.     That Defendant Deputy Timothy Reid used unreasonable forced to [arrest/prevent the escape of/overcome the resistance of/insert other applicable action] Renee LePage;

3.     That Renee LePage did not consent to the use of that force;

4.     That Renee LePage was harmed; and

5.     That Defendant Deputy Timothy Reid's use of unreasonable force was a substantial factor in causing Renee LePage's harm.

A sheriff's deputy may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime.  Even if the sheriff's deputy is mistaken, a person being arrested or detained has a duty not to use force to resist the sheriff's deputy unless the sheriff's deputy is using unreasonable force.

In deciding whether Defendant Deputy Timothy Reid of the Napa County Sheriff's Office used unreasonable force, you must determine the amount of force that would have appeared reasonable to a sheriff's deputy in Defendant Deputy Timothy Reid's position under the same or similar circumstances.  You should consider, among other factors, the following:

(a)     The seriousness of the crime at issue;

(b)     Whether Renee LePage reasonably appeared to pose an immediate threat to the safety of Defendant Deputy Timothy Reid or others; and

(c)     Whether Renee LePage was actively resisting arrest or attempting to evade arrest.

1    A sheriff's deputy who makes or attempts to make an arrest is not required to retreat or

2  cease from his or her efforts because of the resistance or threatened resistance of the person being

3  arrested.

4

5  [**SOURCE:** <u>Judicial Council of California Civil Jury Instructions</u>, No. 1305 (2018 ed.) (Battery by

6  Peace Officer)]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION 20:**

**BANE ACT – ESSENTIAL FACTUAL ELEMENTS (CIV. CODE §52.1)**

Plaintiff also seeks to recover damages against the defendants for a violation of civil rights under California Civil Code § 52.1, known as the Bane Act.

Plaintiff Ms. LePage claims that defendant Reid intentionally interfered with or attempted to interfere with her enjoyment of her civil rights by threats, intimidation, or coercion.  To establish this claim, Ms. LePage must prove all of the following by a preponderance of the evidence:

1.      That defendant Reid acted violently against plaintiff LePage and to prevent her from exercising or enjoying her right to be free of unreasonable seizures in the form of excessive force, as I described to you in the previous instruction, which is called Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force;

2.      That defendant Reid intended to deprive Ms. LePage of her enjoyment of the interests protected by the right to be free from unreasonable seizure;

3.      That Ms. LePage suffered injury, damage, loss, or harm; and

4.      That defendant Reid's conduct was a substantial factor in causing Ms. LePage to suffer injury, damage, loss, or harm.

[**SOURCE:** Judicial Council of California Civil Jury Instructions (CACI), No. 3066 (2019 ed., Supplement, adopted by the Judicial Council in May, 2019) (Bane Act – Essential Factual Elements (Civ. Code, § 52.1)]

For purposes of a claim under the Bane Act, a person acts "intentionally" when he intends the force and its unreasonableness, as more than necessary under the circumstances.  But it is not necessary to show that the defendant knew he was acting unlawfully at the time of the incident.  Instead, the plaintiff may prove intent by evidence that the defendant acted in reckless disregard of the right at issue.

[**SOURCE:** *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043, 1045 (9th Cir. 2018); *Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766, 803-804 (2017); *S.R. Nehad v. Browder*, 929 F.3d 1125, 1142 n.15 (9th Cir. 2019)]

## FINAL INSTRUCTION 21:

## NEGLIGENCE – ESSENTIAL FACTUAL ELEMENTS

Plaintiff Renee LePage claims that she was harmed by defendant Reid's negligence.  To establish this claim, Ms. LePage must prove all of the following:

1.   That defendant Reid was negligent;

2.   That plaintiff LePage was harmed; and

3.   That defendant Reid's negligence was a substantial factor in causing plaintiff LePage's harm.

[**SOURCE:** Judicial Council of California Civil Jury Instructions (CACI), No. 400 (2019 ed., Online-Only Revisions, adopted by the Judicial Council on July 19, 2019, *available at* https://www.courts.ca.gov/partners/documents/additional-online-only-revisions.pdf) (Negligence – Essential Factual Elements)]

**<u>FINAL INSTRUCTION 22</u>:**

**<u>BASIC STANDARD OF CARE</u>**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A law enforcement officer can be negligent by acting or by failing to act. A law enforcement officer is negligent if he does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful law enforcement officer would have acted in defendant Reid's situation.

[**SOURCE:** <u>Judicial Council of California Civil Jury Instructions (CACI)</u>, No. 401 (2019 ed.)]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **FINAL INSTRUCTION 23:**

### **CAUSATION – SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

[**SOURCE:** Judicial Council of California Civil Jury Instructions (CACI), No. 430 (2019 ed., Supplement, adopted by the Judicial Council in May 2019) (Causation – Substantial Factor)]

Case No. 3:17-cv-00600-LB

PROPOSED JURY INSTRUCTIONS

## **FINAL INSTRUCTION 24:**

## **CUSTOM OR PRACTICE**

You may consider customs or practices in the community in deciding whether Defendant Deputy Timothy Reid acted reasonably.  Customs and practices do not necessarily determine what a reasonable person would have done in Defendant Deputy Timothy Reid's situation.  They are only factors for you to consider.

Following a custom or practice does not excuse conduct that is unreasonable.  You should consider whether the custom or practice itself is reasonable.

[**SOURCE:** Judicial Council of California Civil Jury Instructions, No. 413 (2019 ed.) (Custom or Practice)]

**FINAL INSTRUCTION 25**

**SUDDEN EMERGENCY**

Defendant Deputy Timothy Reid claims that he was not negligent because he acted with reasonable care in an emergency situation.  Defendant Deputy Timothy Reid was not negligent if he proves all of the following:

1.      That there was a sudden and unexpected emergency situation in which someone was in actual or apparent danger of immediate injury;

2.      That Defendant Deputy Timothy Reid did not cause the emergency; and

3.      That Defendant Deputy Timothy Reid acted as a reasonably careful person would have acted in similar circumstances, even if it appears later that a different course of action would have been safer.

[**SOURCE:** Judicial Council of California Civil Jury Instructions, No. 452 (2019 Supp ed.) (Sudden Emergency)]

PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>FINAL INSTRUCTION NO. 26:</u>**

**<u>LEGAL RELATIONSHIP NOT DISPUTED</u>**

In this case, Defendant Deputy Reid was the employee of Defendants Napa County Sheriff's Department and County of Napa.

If you find that Deputy Reid was acting within the scope of his employment when the incident occurred, then Defendants Napa County Sheriff's Department and County of Napa are responsible for any harm caused by Deputy Reid's violation of the Bane Act, battery, or negligence.

The parties have stipulated that Deputy Reid was acting within the scope of his employment when the incident occurred.

[**SOURCE**: <u>Judicial Council of California Civil Jury Instructions (CACI)</u>, No. 3703 (2019 ed.)]

**FINAL INSTRUCTION 27:**

**DAMAGES – PROOF; MEASURES OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any claim, you must determine the plaintiff's damages for such claim.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

In determining the measure of damages, you should consider the following:

1.  The nature and extent of the injuries;

2.  The disability, disfigurement, loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3.  The physical and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

4.  The reasonable value of necessary medical care, treatment, and services received to the present time, and that with reasonable probability will be required in the future;

5.  The reasonable value of wages, employment, and employment benefits lost up to the present time, and that with reasonable probability will be lost in the future; and

6.  The reasonable value of necessary caregiver services required up to the present time, and that with reasonable probability will be required in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

[**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 5.1 & 5.2 (2017 ed.) (Damages – Proof; Measures of Types of Damages)]

**FINAL INSTRUCTION 28:**

**UNUSUALLY SUSCEPTIBLE PLAINTIFF**

You must decide the full amount of money that will reasonably and fairly compensate plaintiff Renee LePage for all damages caused by the wrongful conduct of defendant Reid, even if Ms. LePage was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

[**SOURCE:** Judicial Council of California Civil Jury Instructions (CACI), No. 3928 (2019 ed.) (Unusually Susceptible Plaintiff)]

**FINAL INSTRUCTION 29:**

**PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

1    You may impose punitive damages against one or more of the defendants and not others,

2  and may award different amounts against different defendants.  Punitive damages may be awarded

3  even if you award plaintiff only nominal, and not compensatory, damages.

4

5  [**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 5.5 (2017 ed.) (Punitive

6  Damages)]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**FINAL INSTRUCTION 30:**

2

**NOMINAL DAMAGES**

3

4       The law that applies to this case authorizes an award of nominal damages.  If you find for

5   the plaintiff but you find that the plaintiff has failed to prove damages as defined in these

    instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

6

7
    [**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions. No. 5.6 (2017 ed. Updated June

8   2019)]

9

10
    Comment from Ninth Circuit Manual of Civil Jury Instructions

11
        Nominal damages are not available in every case.  The court must determine whether

12  nominal damages are permitted.  *See, e.g., Chew v. Gates*, 27 F.3d 1432, 1437 (9th Cir. 1994)

13  (Section 1983 action); *Parton v. GTE North, Inc.*, 971 F.2d 150, 154 (8th Cir. 1992) (Title VII

14  action).

15      When a plaintiff has indisputably suffered an actual injury, an award of compensatory

16  damages is mandatory.  *Hazle v. Crofoot*, 727 F.3d 983, 991-92 (9th Cir. 2013).  However,

17  nominal damages "must be awarded in cases in which the plaintiff is not entitled to compensatory

18  damages, such as cases in which no actual injury is incurred or can be proven."  *Id.* at n.6.

19      Regarding cases brought under 42 U.S.C. § 1983, *see Carey v. Piphus*, 435 U.S. 247, 266-

20  67 (1978) (involving violation of procedural due process); *Hazle*, 727 F.3d at 991 n.6 (involving

21  violation of substantive constitutional rights); *Floyd v. Laws*, 929 F.2d 1390, 1401 n.9 (9th Cir.

22  1991) (providing suggested language).

23  [**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions. No. 5.6 (2017 ed. Updated June

24  2019)]

25

26

27

28

# FINAL INSTRUCTION 31:

# DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

[**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 3.1 (2017 ed.) (Duty to Deliberate)]

**FINAL INSTRUCTION 32:**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation

Case No. 3:17-cv-00600-LB

outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 3.2 (2017 ed.) (Consideration of Evidence – Conduct of the Jury)]

## FINAL INSTRUCTION 33:

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

[**SOURCE:** Ninth Circuit Manual of Civil Jury Instructions, No. 3.3 (2017 ed.) (Communication with Court)]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION 34:**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

[**SOURCE:** <u>Ninth Circuit Manual of Civil Jury Instructions</u>, No. 3.5 (2017 ed.) (Return of Verdict)]

DATED:  September 6, 2019               MUNGER, TOLLES & OLSON LLP


By:   _/s/ Miriam Kim_____
          MIRIAM KIM
      Attorneys for Plaintiff
      RENEE LEPAGE

PROPOSED JURY INSTRUCTIONS