# EXHIBIT I

1  MIRIAM KIM (State Bar No. 238230)
   miriam.kim@mto.com
2  EMILY C. CURRAN-HUBERTY (State Bar No. 293065)
   emily.curran-huberty@mto.com
3  SKYLAR D. BROOKS (State Bar No. 310707)
   skylar.brooks@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
5  Twenty-Seventh Floor
   San Francisco, California 94105-2907
6  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
7
   Attorneys for Plaintiff
8  RENEE LEPAGE

9               UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12 | RENEE LEPAGE, an individual, | Case No. 3:17-cv-00600-LB
13 |         Plaintiff, | **PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**
14 |    vs. |
15 | COUNTY OF NAPA; COUNTY OF NAPA SHERIFF'S DEPARTMENT; AND DEPUTY TIMOTHY REID, |
16 |  |
17 |         Defendants. |

1  Plaintiff Renee LePage proposes the attached voir dire questions for the trial of this matter.

2  Ms. LePage separately submitted a proposed jury questionnaire that contains some
3  additional questions.  Defendants object to the use of a jury questionnaire.  To the extent the Court
4  decides not to use a jury questionnaire or omits any of the questions in Ms. LePage's proposed
5  jury questionnaire, Ms. LePage respectfully requests that the questions be asked during voir dire.

6  DATED:  September 6, 2019                MUNGER, TOLLES & OLSON LLP

8                                                          By:      */s/ Miriam Kim*
                                                                   MIRIAM KIM
9                                                          Attorneys for Plaintiff
                                                           RENEE LEPAGE

**PROPOSED VOIR DIRE QUESTIONS**

1. Do you know anyone who has ever been employed by the San Mateo County Sheriff's Office? If so, please explain.

2. Would you tend to believe the testimony of a law enforcement officer simply because he/she is a law enforcement officer?

3. Would you tend to believe the testimony of a law enforcement officer as more accurate or reliable than the testimony of an average person?

4. Have you, a relative or close friend ever been accused of excessive force while working in law enforcement? If so, please explain.

5. Have you, a relative or close friend ever been sued based on conduct that took place while working in law enforcement? If so, please explain.

6. Have you, a relative or close friend ever been sued in any type of lawsuit? If so, please explain.

7. Have you, a relative or close friend ever been accused of abuse or excessive force? If so, please explain.

8. Do you have any personal objection to lawsuits against law enforcement officers? If so, please explain.

9. Do you have any personal objection to lawsuits that seek monetary compensation for pain and emotional suffering? If so, please explain.

10. Do you have any personal objection to lawsuits that seek monetary compensation for punitive damages? If so, please explain.

DATED: September 6, 2019                MUNGER, TOLLES & OLSON LLP


By:      */s/ Miriam Kim*
         MIRIAM KIM
         Attorneys for Plaintiff
         RENEE LEPAGE