ALLEN, GLAESSNER, HAZELWOOD  &WERTH, LLP                             ATTORNEYS

180 Montgomery Street, Suite 1200                                      Telephone (415) 697-2000
San Francisco, California 94104                                          Facsimile (415) 813-2045
                                                                      E-Mail: dallen@aghwlaw.com

Our File No.:
01405-50569

October 1, 2019

Honorable Laurel M. Beeler
United States Magistrate Judge
450 Golden Gate Ave.
Courtroom B, 15th Floor
San Francisco, CA 94102

Re:  Renee LePage v. County of Napa, et al.
     Case No. 3:17-cv-00600-LB

Dear Judge Beeler:

Defendants hereby submit their statement regarding admissibility of medical expenses versus medical bills. Defendants apologize for not filing with Plaintiff's submission. The parties were coordinating a joint filing and an inadvertent miscommunication occurred.

The parties agree that *Howell* applies to Plaintiff's state-law claim. The respective disagreement arises over how to handle the federal claims. This issue arises because Plaintiff intends to present, via Mr. Madsen, both the amount billed and the amount actually paid as evidence at trial. Defendants submit, as detailed in motion in Dkt. No. 117-1, that the only the paid figure should be submitted to the jury. Put another way: Defendants specifically move to exclude evidence of the amount actually billed to Plaintiff.

Defendants' position is supported by *Howell* and its progeny. As to why *Howell* should apply to federal damages claims, Defendants refer to their Opposition (Dkt. No. 117-1), which fully briefed the issue. For judicial economy, Defendants' position is not restated here.

Defendants recognize Plaintiff cites to differing case authority. Defendants do not deny such authority exists: they specifically acknowledged such to the Court (Dkt. No. 117-1, 2:16-3:14). Defendants previously distinguished, for example, the *Howard* case cited by Plaintiff.

With both sides lacking binding Ninth Circuit authority, the question ultimately comes down to the common law; what the Second Restatement of Torts means. As articulated in Defendants' earlier brief, they submit that Sections 911, 920A, and 924 only permit recovery of medical expenses actually paid.

There's also a practical consideration. Assuming, *arguendo*, Plaintiff prevails on federal and state claims at trial, she only gets one damages recovery. There is no recovery for her Section 1983 claim and then a separate one for her state claims. But if the jury is presented with evidence of medical expenses billed, the verdict is inherently tainted because a jury will have calculated damages for California claim (both economic and non-economic) using evidence barred under California law.

Plaintiff's proposed jury instruction does not resolve this dilemma, because the issue is inherent to the verdict form itself and the fact there is one unified damages recovery (regardless of how many

causes of action a plaintiff may prevail upon. Defendants also note that Plaintiff's proposed instruction also addresses economic damages, not non-economic. California law prohibits introduction of amount billed for non-economic damages as well. See *Corenbaum v. Lampkin*, 215 Cal. App. 4th 1308, 1333, 156 Cal. Rptr. 3d 347, 365 (2013), as modified (May 13, 2013) ("We conclude that evidence of the full amount billed is not admissible for the purpose of providing plaintiff's counsel an argumentative construct to assist a jury in its difficult task of determining the amount of noneconomic damages and is inadmissible for the purpose of proving noneconomic damages.")

Sincerely,

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

*/s/ Kevin P. Allen*

Kevin P. Allen