UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RENEE MARIE LEPAGE,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF NAPA, et al.,<br><br>    Defendants. | Case No. 17-cv-00600-LB<br><br>**PROPOSED FINAL JURY INSTRUCTIONS** |

The court proposes the attached final jury instructions.

**IT IS SO ORDERED.**

Dated: October 2, 2019

_____
LAUREL BEELER
United States Magistrate Judge

### 1.4: DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

### 1.6: BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### 1.9: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

**1.10: WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition, some evidence was be received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.]

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**1.12: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

## 1.13: RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## 1.14: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### 1.17: NO TRANSCRIPT AVAILABLE TO JURY

During deliberations you will not have a transcript of the trial testimony.

### 1.18: TAKING NOTES

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### 1.20: BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### 2.2: STIPULATIONS OF FACT

The parties have agreed to certain facts that were placed in evidence and read to you. You must therefore treat these facts as having been proved.

### 2.9: IMPEACHMENT EVIDENCE — WITNESS

The evidence that a witness gave an inconsistent statement under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

### 2.12: USE OF REQUESTS FOR ADMISSION

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

## 2.13: EXPERT OPINION

You have heard testimony from experts who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## 2.16: EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data or disks from the jury room, and do not copy any such data.

**1.5: CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Renee LePage asserts that defendant Reid used excessive force against her in the vestibule area outside a courtroom at the Napa County courthouse. Ms. LePage brings her claims under the United States Constitution, federal and California civil rights laws (42 U.S.C. § 1983 and the Bane Act), and California common law (the battery and negligence claims). The plaintiff has the burden of proving these claims by a preponderance of the evidence.

The defendants deny these claims. The defendants have raised a number of defenses, including that Deputy Reid acted reasonably. The defendants have the burden of proof on their affirmative defenses.

The plaintiff denies defendants' affirmative defenses.

**9.1: SECTION 1983 CLAIM — INTRODUCTORY INSTRUCTION**

The plaintiff brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

The plaintiff brings other claims under state law, which will be explained to you later.

**9.3: SECTION 1983 CLAIM AGAINST DEFENDANT IN**
**INDIVIDUAL CAPACITY — ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her § 1983 claim against Defendant Deputy Timothy Reid, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of state law; and

2. the acts and failures to act of the defendant deprived the plaintiff of her particular rights under the laws of the United States and the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Deputy Reid was acting under color of state law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under the two substantive instructions that deal with the particular rights (which are the next two instructions called (1) Particular Rights — Fourth Amendment — Unreasonable Seizure of Person — Generally and (2) Particular Rights — Fourth Amendment — Unreasonable Seizure of Person — Excessive Force), your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

### 9.20: PARTICULAR RIGHTS — FOURTH AMENDMENT — UNREASONABLE SEIZURE OF PERSON — GENERALLY

As previously explained, the plaintiff has the burden of proving that the acts of defendant Reid deprived her of particular rights under the United States Constitution. In this case, the plaintiff alleges defendant Reid deprived her of her rights under the Fourth Amendment to the Constitution when defendant Reid used force against her in the vestibule area outside Courtroom E.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person. In order to prove the defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Defendant Reid seized the plaintiff's person;

2. in seizing the plaintiff's person, defendant Reid acted intentionally; and

3. the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about her business.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct alleged. Therefore, the plaintiff must prove that defendant Reid intended to use force against her. It is not enough to prove that the defendant negligently or accidentally engaged in that action. But, while the plaintiff must prove that the defendant intended to act, the plaintiff need not prove that the defendant intended to violate the plaintiff's Fourth Amendment rights.

# 9.25: PARTICULAR RIGHTS — FOURTH AMENDMENT — SEIZURE OF PERSON — EXCESSIVE FORCE (INSTRUCTION ALSO APPLIES TO CALIFORNIA BATTERY CLAIM)

In general, a seizure of a person is unreasonable under the Fourth Amendment (and constitutes battery under California law) if a police officer uses excessive force in defending himself or others. Therefore, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the defendant Reid used excessive force when he encountered her in the vestibule area outside Courtroom E.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry. In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. the nature of the crime or other circumstances known to the officer at the time force was applied;

2. whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3. whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. the type and amount of force used;

6. the availability of alternative methods to gain entry into the courtroom;

7. the number of lives at risk and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent; and

8. whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given.

### CACI 3066: BANE ACT — ESSENTIAL FACTUAL ELEMENTS

Plaintiff also seeks to recover damages against the defendants for a violation of civil rights under California Civil Code § 52.1, known as the Bane Act.

Plaintiff Ms. LePage claims that defendant Reid intentionally interfered with or attempted to interfere with her enjoyment of her civil rights by threats, intimidation, or coercion. To establish this claim, Ms. LePage must prove all of the following by a preponderance of the evidence:

1. That defendant Reid acted violently against plaintiff LePage and to prevent her from exercising or enjoying her right to be free of unreasonable seizures in the form of excessive force, as I described to you in the previous instruction, which is called Particular Rights — Fourth Amendment — Unreasonable Seizure of Person — Excessive Force;

2. That defendant Reid intended to deprive Ms. LePage of her enjoyment of the interests protected by the right to be free from unreasonable seizure;

3. That Ms. LePage suffered injury, damage, loss, or harm; and

4. That defendant Reid's conduct was a substantial factor in causing Ms. LePage to suffer injury, damage, loss, or harm.

For purposes of a claim under the Bane Act, a person acts "intentionally" when he intends the force and its unreasonableness, as more than necessary under the circumstances. But it is not necessary to show that the defendant knew he was acting unlawfully at the time of the incident. Instead, the plaintiff may prove intent by evidence that the defendant acted in reckless disregard of the right at issue.

### CACI 400: NEGLIGENCE — ESSENTIAL FACTUAL ELEMENTS

Plaintiff Renee LePage claims that she was harmed by defendant Reid's negligence. To establish this claim, Ms. LePage must prove all of the following:

1. That defendant Reid was negligent;

2. That plaintiff LePage was harmed; and

3. That defendant Reid's negligence was a substantial factor in causing plaintiff LePage's harm.

### CACI 401: BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A law enforcement officer can be negligent by acting or by failing to act. A law enforcement officer is negligent if he does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful law enforcement officer would have acted in defendant Reid's situation.

### CACI 430: CAUSATION — SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

### CACI 413: CUSTOM OR PRACTICE

You may consider customs or practices in the community in deciding whether Defendant Deputy Timothy Reid acted reasonably. Customs and practices do not necessarily determine what a reasonable person would have done in Defendant Deputy Timothy Reid's situation. They are only factors for you to consider.

Following a custom or practice does not excuse conduct that is unreasonable. You should consider whether the custom or practice itself is reasonable.

### CACI 452: SUDDEN EMERGENCY

Defendant Deputy Timothy Reid claims that he was not negligent because he acted with reasonable care in an emergency situation. Defendant Deputy Timothy Reid was not negligent if he proves all of the following:

1. That there was a sudden and unexpected emergency situation in which someone was in actual or apparent danger of immediate injury;

2. That Defendant Deputy Timothy Reid did not cause the emergency; and

3. That Defendant Deputy Timothy Reid acted as a reasonably careful person would have acted in similar circumstances, even if it appears later that a different course of action would have been safer.

# CACI 3703: LEGAL RELATIONSHIP NOT DISPUTED

In this case, Defendant Deputy Reid was the employee of Defendants Napa County Sheriff's Department and County of Napa.

If you find that Deputy Reid was acting within the scope of his employment when the incident occurred, then Defendants Napa County Sheriff's Department and County of Napa are responsible for any harm caused by Deputy Reid's violation of the Bane Act, battery, or negligence.

The parties have stipulated that Deputy Reid was acting within the scope of his employment when the incident occurred.

# 5.1 AND 5.2: DAMAGES — PROOF; MEASURES OF TYPES OF DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any claim, you must determine the plaintiff's damages for such claim. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

In determining the measure of damages, you should consider the following:

1. The nature and extent of the injuries;

2. The disability, disfigurement, loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3. The physical and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

4. The reasonable value of necessary medical care, treatment, and services received to the present time, and that with reasonable probability will be required in the future;

5. The reasonable value of wages, employment, and employment benefits lost up to the present time, and that with reasonable probability will be lost in the future; and

6. The reasonable value of necessary caregiver services required up to the present time, and that with reasonable probability will be required in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### CACI 3928: UNUSUALLY SUSCEPTIBLE PLAINTIFF

You must decide the full amount of money that will reasonably and fairly compensate plaintiff Renee LePage for all damages caused by the wrongful conduct of defendant Reid, even if Ms. LePage was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

### 5.5: PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

### 5.6: NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

### 3.1: DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### 3.2: CONSIDERATION OF THE EVIDENCE — CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved — including the parties, the witnesses or the lawyers — until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

### 3.3: COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including the court — how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

### 3.5: RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.