DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
PATRICK D. MORIARTY, State Bar No. 213185
pmoriarty@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104
Telephone:   (415) 697-2000
Facsimile:   (415) 813-2045

Attorneys for Defendants
COUNTY OF NAPA, COUNTY OF NAPA SHERIFF'S
DEPARTMENT, DEPUTY TIMOTHY REID

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE LEPAGE, an individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>COUNTY OF NAPA, COUNTY OF NAPA SHERIFF'S DEPARTMENT AND DOE DEPUTIES 1-100,<br><br>            Defendants. | Case No. 3:17-cv-00600-LB<br><br>**DEFENDANT TIM REID PROPOSED VERDICT FORM** |

**Claim of Fourth Amendment Excessive Force (42 U.S.C. § 1983)**

1. Did defendant Timothy Reid use excessive force against plaintiff Renee LePage in violation of the Fourth Amendment to the U.S. Constitution?

   Yes: _____    No: _____

   Proceed to Question 2.

**Battery By a Police Officer Claim**

2. Did defendant Reid use unreasonable force against plaintiff?

   Yes: _____    No: _____

   If you answered Yes to question 2, please proceed to question 3. If you answered No to question 2, please proceed to Question 4.

3. Was defendant's Reid's use of unreasonable force a substantial factor in causing harm to plaintiff?

   Yes: _____    No: _____

   Proceed to Question 4.

**Claim of Violation of Civil Rights (Cal. Civ. Code § 52.1, known as the Bane Act)**

4. Did defendant Reid specifically intend to interfere with or attempt to interfere with the plaintiff's enjoyment of her right to be free from unreasonable seizure in violation of the Bane Act?

   Yes: _____    No: _____

   If you answered Yes to question 4, please proceed to question 5. If you answered No to question 4, please proceed to Question 6.

5. Was defendant's Reid's conduct a substantial factor in causing harm to plaintiff?

   Yes: _____    No: _____

   Proceed to Question 6.

**Claim of Negligence**

6. Was defendant Reid negligent?

   Yes: _____    No: _____

   If you answered Yes to question 6, please proceed to question 7. If you answered No to question 6, please proceed to Question 8.

7. Was defendant's Reid's negligence a substantial factor in causing harm to plaintiff?

   Yes: _____    No: _____

Proceed to Question 8.

**Damages**

8. Did you answer yes to at least one of the following questions: 1, 3, 5, or 7?

   Yes: _____   No: _____

   If you answered Yes to question 8, please proceed to question 9. If you answered No to question 8, you have reached a verdict, and you must stop here and have the presiding juror sign and date this form.

9. What amount of damages do you award to compensate the plaintiff?

   $_____

   If you awarded $0 to plaintiff, please proceed to question 10. If you awarded more than $0 to plaintiff, please proceed to question 11.

10. You must award plaintiff an amount of nominal damages, not to exceed $1.00. What amount of nominal damages do you award?

    $_____

    If you answered Yes to question 1, please proceed to question 11. If you answered no to question 1, please proceed to question 12.

11. By a preponderance of the evidence, was Reid's conduct malicious, oppressive or committed in reckless disregard of the plaintiff's rights?

    Yes: _____   No: _____

    Please proceed to Question 12.

12. Did you answer yes to at least one of the following questions: 3 or 5?

    Yes: _____   No: _____

    If you answered Yes to question 12, please proceed to question 13. If you answered No to question 12, please proceed to question 14.

13. By clear and convincing evidence, was Reid's conduct malicious, oppressive, or fraudulent?

    Yes: _____   No: _____

    Proceed to question 14.

///

///

///

///

-3-  Case No. 3:17-cv-00600-LB
DEFENDANTS' PROPOSED VERDICT FORM

343425.1

14. Did you answer yes to at least one of the following questions: 11 or 13?

   Yes: _____     No: _____

   If you answered Yes to question 14, please proceed to question 15. If you answered No to question 14, you have reached a verdict, and you must stop here and have the presiding juror sign and date this form.

15. What amount of punitive damages do you award to the plaintiff?

   $ _____

Please have the presiding juror sign and date the form.


Signed: _____ (Presiding Juror)

Dated: _____

## SPECIAL INTERROGATORIES

If you answered Yes to Question 1, please answer the following Special Interrogatories. If you answered No to question 1 please leave these Special Interrogatories blank, and have the presiding juror sign and date the form.

Special Interrogatory No. 1: Did Deputy Reid body-slam plaintiff into the door?

Yes: _____          No: _____

Special Interrogatory No. 2: Did Deputy Reid grab plaintiff by the arms?

Yes: _____          No: _____

Special Interrogatory 3: Did Deputy Reid throw plaintiff into the door?

Yes: _____          No: _____

Signed: _____ (Presiding Juror)

Dated: _____

Certificate of Service
*Renee LePage v. County of Napa, et al.*
USDC-ND Case No. 3:17-cv-00600-LB

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, California 94104. On October 16, 2019, I served the within: **DEFENDANT TIM REID PROPOSED VERDICT FORM**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Miriam Kim<br>Skylar D. Brooks<br>Emily C. Curran-Huberty<br>Munger, Tolles & Olson LLP<br>560 Mission Street<br>San Francisco, CA  94105 | Attorneys for Plaintiff<br>Tel: (415) 512-4000<br>Dir: (415) 512-4088<br>Fax: (415) 644-6998<br>Email: Skylar.Brooks@mto.com<br>　　　　 Emily.curran-huberty@mto.com |
| Vincent Ling<br>Munger, Tolles & Olson LLP<br>350 S. Grand Avenue<br>Fiftieth Floor<br>Los Angeles, CA 90071-3426 | Attorneys for Plaintiff<br>Tel: (213) 683-9100<br>Fax: (213) 687-3702<br>Email: Vincent.ling@mto.com |

☒ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐ **By Overnight Delivery:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on October 16, 2019, at San Francisco, California.

_[signature]_

Grant Wekesser