DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
PATRICK D. MORIARTY, State Bar No. 213185
pmoriarty@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendants
COUNTY OF NAPA, COUNTY OF NAPA SHERIFF'S
DEPARTMENT, DEPUTY TIMOTHY REID

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RENEE LEPAGE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF NAPA; COUNTY OF NAPA SHERIFF'S DEPARTMENT; AND DEPUTY TIMOTHY REID,<br><br>Defendants. | Case No.: 3:17-cv-00600-LB<br><br>**DEFENDANTS' ADDITIONAL PROPOSED JURY INSTRUCTIONS**<br><br>Magistrate Judge Laurel Beeler<br><br>Trial:   October 15, 2019 |

**TO THE COURT AND ALL PARTIES:**

In response to final proposed jury instructions (Dkt. No. 134), Defendants propose modification of the Bane Act instruction and provision of two additional instructions. Please see below.

Defendants request the modified instruction because it more accurately reflects *Cornell*'s "specific intent" requirement. They request the two additional instructions because California law requires a higher evidentiary threshold for state-law punitive damages: clear and convincing. The additions reflect this standard.

## BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Sources:** Ninth Circuit Model 1.7

## Punitive Damages (Battery and Bane Act Only)

If you decide that Timothy Reid's conduct caused Renee LePage harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Renee LePage proves by clear and convincing evidence that Timothy Reid engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Timothy Reid acted with intent to cause injury or that Timothy Reid's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Timothy Reid's conduct was despicable and subjected Renee LePage to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Timothy Reid intentionally misrepresented or concealed a material fact and did so intending to harm Renee LePage.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Timothy Reid's conduct? In deciding how reprehensible

Timothy Reid's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether Timothy Reid disregarded the health or safety of others;

3. Whether Renee LePage was financially weak or vulnerable and Timothy Reid knew Renee LePage was financially weak or vulnerable and took advantage of her;

4. Whether Timothy Reid's conduct involved a pattern or practice; and

5. Whether Timothy Reid acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Renee LePage's harm or between the amount of punitive damages and potential harm to Renee LePage that Timothy Reid knew was likely to occur because of his conduct?

(c) In view of Timothy Reid's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Timothy Reid has substantial financial resources. Any award you impose may not exceed Timothy Reid's ability to pay. Punitive damages may not be used to punish Timothy Reid for the impact of his alleged misconduct on persons other than Renee LePage.

**Sources**: CACI 3940

### BANE ACT

Plaintiff also seeks to recover damages against the defendants for a violation of civil rights under California Civil Code § 52.1, known as the Bane Act.

Plaintiff Ms. LePage claims that defendant Reid intentionally interfered with or attempted to interfere with her enjoyment of her civil rights by threats, intimidation, or coercion. To establish this claim, Ms. LePage must prove all of the following by a preponderance of the evidence:

1. That defendant Reid acted violently against plaintiff LePage and to prevent her from exercising or enjoying her right to be free of unreasonable seizures in the form of excessive force, as I described to you in the previous instruction, which is called Particular Rights — Fourth Amendment — Unreasonable Seizure of Person — Excessive Force;

2. That defendant Reid intended to deprive Ms. LePage of her enjoyment of the interests protected by the right to be free from unreasonable seizure;

3. That Ms. LePage suffered injury, damage, loss, or harm; and

4. That defendant Reid's conduct was a substantial factor in causing Ms. LePage to suffer injury, damage, loss, or harm.

For purposes of a Bane Act claim: a person acts intentionally when he intends to use force and intends that force to be unreasonable.

Intentionality may be proven here one of two ways: (1) plaintiff proves that Reid knew he was using unreasonable force at the time of the incident; or (2) plaintiff proves Reid acted in reckless disregard of her right against unreasonable force.

**Sources**: CACI 3066; *Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766, 803 (Ct. App. 2017)

Dated:  October 16, 2019

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: _____
DALE L. ALLEN, JR.
PATRICK D. MORIARTY
KEVIN P. ALLEN
Attorneys for Defendants
COUNTY OF NAPA, COUNTY OF NAPA
SHERIFF'S DEPARTMENT, DEPUTY
TIMOTHY REID

**Proof of Service**
***Renee LePage v. County of Napa, et al.***
USDC-ND Case No. 3:17-cv-00600-LB

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, California 94104. On October 16, 2019, I served the within: **DEFENDANT'S ADDITIONAL PROPOSED JURY INSTRUCTIONS** on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Miriam Kim<br>Skylar D. Brooks<br>Emily C. Curran-Huberty<br>Munger, Tolles & Olson LLP<br>560 Mission Street<br>San Francisco, CA  94105 | Attorneys for Plaintiff<br>Tel:  (415) 512-4000<br>Dir: (415) 512-4088<br>Fax: (415) 644-6998<br>Email: Skylar.Brooks@mto.com<br>Emily.curran-huberty@mto.com |
| Vincent Ling<br>Munger, Tolles & Olson LLP<br>350 S. Grand Avenue<br>Fiftieth Floor<br>Los Angeles, CA 90071-3426 | Attorneys for Plaintiff<br>Tel: (213) 683-9100<br>Fax: (213) 687-3702<br>Email: Vincent.ling@mto.com |

☒ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☒ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ ***(STATE)*** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ ***(FEDERAL)*** I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on October 16, 2019, at San Francisco, California

*/s/ Grant Wekesser*
Grant Wekesser